## SIMMS v. NORRIS & CO.

1. An infant is not personally liable, even for necessaries, when they are supplied to her by a store keeper with the permission of her guardian, and charged to him, although the credit given to the guardian may have been induced by the fact that the ward had an estate of her own, and with the expectation that the debt would be paid out of it. The contract is personal to the guardian, and his liability cannot be shifted to the infant.

WRIT of Error to the Circuit Court of Dallas county.

This case was carried by appeal, from a Justice of the Peace to the Circuit Court, which gave judgment for the plaintiff upon this state of facts.

The defendant is a minor, and was living under the control of a guardian duly appointed over her. She went to the store of the plaintiffs in company with her guardian's wife, and purchased some articles, necessary and suitable to her condition in life. These were charged to the guardian, as other articles of a similar kind, previously had been purchased and paid for. The plaintiffs gave credit to the guardian upon the faith of his ward's estate, and with the expectation of being paid out of it. The goods thus credited, were never paid for by the guardian, who afterwards resigned, and settled his guardianship accounts with the County Court. In this settlement, he charged his ward with a gross sum for expenditures, maintainance, &c. but the proof did not show that this account was enumerated in the charge. There was no evidence that the guardian had ever failed or refused to supply his ward with the articles necessary and suitable for her condition in life.

The judgment of the Court is assigned as erroneous.

EDWARDS, for the plaintiff in error.
EVANS, contra.

GOLDTHWAITE, J.—As we understand the case, no question arises out of its facts, as to the nature and extent of the liability of an infant for necessaries furnished; because, in point of fact,

no credit whatever, was given to the infant, but the goods were supplied solely upon the credit of the guardian, and were charged to him. The circumstance that the credit was induced by the fact that his ward had an estate of her own, from which the payment was expected to come, cannot change the character of the contract. The guardian is personally responsible to the plaintiffs, and his refusal or inability to pay, cannot shift the responsibility upon the infant.

If she could be held personally liable, under the circumstances of this case, every infant will be liable for the necessaries furnished for its support, although the guardian may have misapplied the estate committed to his charge for that very purpose. It is very possible that the account now sued may have formed some part of the charge made by the guardian when he settled with the County Court; but, conceeding such is not the fact, it cannot shift the liability under the contract, from the guardian to his ward, or in any manner render her liable for the debt.

The judgment must be reversed, and if desired, the cause will be remanded.