*C. C. Nave*, for appellant.

*J. S. Miller* and *J. S. Harvey*, for appellee.

———————⚫———————

BLACKWELL and Others *v.* THE STATE on the relation of SIMPSON, Guardian, &c.

GUARDIAN'S BOND.—An action upon a guardian's bond is properly brought on the relation of the successor of the defaulting guardian.

SAME.—The principal obligor is not the agent of the court or clerk in procuring the execution of the bond.

SAME.—The decision in *Deardorff et al.* v. *Foresman,* 24 Ind. 481, adhered to.

APPEAL from the *Orange* Common Pleas.

GREGORY, C. J.—This is a suit on the relation of *Simpson,* the guardian of the minor heirs of *McClain,* deceased, against the appellants, on the bond of the predecessor of the relator, for a failure to pay over money belonging to the wards. The bond was executed by *True* as principal, and by *Blackwell, Potter* and *Baker* as sureties. *True* made no defense. *Potter* answered, 1. General denial. 2. That he did not execute the bond. The second paragraph was sworn to. 3. That at the time of the supposed execution of the bond

by him, the name of *Blackwell* was affixed thereto legally, as this defendant then supposed, but that, in fact, *True* induced *Blackwell* to sign and execute the same by agreeing and promising that if he would execute the bond he, *True,* would procure and have *Johnson, Glover, Speers* and others to sign and execute it, but that *True* failed and neglected to procure their signatures thereto, and that *Johnson, Speers* and *Glover* never signed or executed the same, whereby *Blackwell* is discharged, and by reason thereof *Potter* is discharged.

*Baker* answered, 1. General denial. 2. That at the time of placing his name upon the bond, it was presented to him for his signature by *True,* the principal, and at that time the name of *Potter* was attached thereto with that of *True,* and the defendant, *Baker,* supposing that the signature of *Potter* was legally upon the bond, placed his name thereon, but that *Potter* never executed it, wherefore defendant says that he is discharged. 3. That before and at the time of placing his name upon the bond, *True,* the principal, agreed and promised defendant that before the delivery thereof, he, *True,* would procure the signatures of *Speers, Johnson* and *Glover,* good and lawful men, thereto, and defendant, induced by these promises and representations, and in consideration thereof, signed and executed the same; that *True* did not obtain or procure the signatures of *Speers, Johnson* and *Glover* thereto, wherefore defendant says he is discharged therefrom. This answer was sworn to.

*Blackwell* answered, 1. General denial. 2. That at the time and before he signed and executed the bond, *True,* the principal, agreed with and promised defendant that if he would sign and execute it, he, *True,* would procure the signatures of *Glover, Speers, Johnson, Potter* and other good and lawful men thereto, and would have them legally to execute it and to become responsible and liable thereon, and induced by these representations, and in consideration thereof, the defendant signed and executed the same, but that *True* failed,

neglected and refused to obtain the signatures aforesaid to the bond, wherefore the defendant is discharged from all liability thereon.   This answer also was sworn to.

The plaintiff demurred to the third paragraph of *Potter's* answer, to the second and third paragraphs of *Baker's* answer, and to the second paragraph of *Blackwell's* answer. The demurrers were sustained.   The issues of fact were submitted to the court, finding for the plaintiff, motions for a new trial and in arrest of judgment overruled, and judgment on the finding.

In the progress of the case, the court overruled the motion of *Blackwell* to suppress the deposition of *True.*   This is one of the grounds relied on in the motion for a new trial.   The objection to the deposition is that the notice was served on *True* alone, and not on either of the other defendants.   The deposition was taken in *October,* 1865, and the issues in the case were not closed until *January,* 1866; at the time of taking the deposition *True* had not made default, he stood as any of the other defendants.   It cannot be said, under such circumstances, that he was not at the time a real party in interest.   Notice to him was sufficient.   2 G. & H., § 266, p. 174.   It ought to be stated, however, that the deposition is not made a part of the bill of exceptions, and not being properly in the record, this question is not before us.

It is urged on the motion in arrest that *Simpson,* the guardian, is not the proper relator.   Actions on guardians bonds are governed by the law regulating suits on the bonds of executors and administrators.   2 G. & H., § 13, p. 568. The successor in the trust can sue his predecessor on an executor's or administrator's bond for any violation of the duties of his trust.   2 G. & H., § 161, pp. 529, 530, 531.

The bond of the guardian is to be approved by the clerk or court making the appointment.   2 G. & H., § 4, p. 565. It cannot be said that the principal obligor in the bond is acting as the agent of the clerk or court in procuring its execution.   It is the business of the guardian to present to

the clerk or court from whom he receives his appointment his bond, with freehold surety, for approval. It then becomes the duty of the clerk or court to approve or disapprove, as the facts may warrant.

*Potter* answered, denying, under oath, the execution of the bond. That issue was found against him. *Baker* ought not now to complain of the action of the court below in sustaining the demurrer to the second paragraph of his answer presenting the same issue.

The other questions presented by the record have been fully considered in *Deardorff et al.* v. *Foresman*, 24 Ind. 481. We adhere to the decision in that case.

The judgment is affirmed, with two per cent. damages and costs.

*J. & T. L. Collins*, for appellants.
*A. J. Simpson*, for appellee.