## LEWIS, GUARDIAN, *v.* EDWARDS.

PRACTICE.—*Pleading.*—*Uncertainty.*—*Demurrer.*—Uncertainty in a pleading is not a ground of demurrer, but is a ground for having the pleading made more certain; nevertheless, if a pleading is so uncertain as not to state intelligibly a good cause of action or defence, it will be subject to demurrer.

PLEADING.—*Demurrer.*—A pleading is never subject to a demurrer for want of sufficient facts, if it contains facts sufficient to constitute a cause of action for any sum, however small, or a defence to any portion of the cause of action, where it is not pleaded in bar of the entire action.

JURISDICTION.—*Suit on Contract made by Guardian.*—Where a person is sued as guardian of minor children, on a promise to pay for the board and care of such children, the suit is upon his individual undertaking, and he may be sued in the county where he resides, though the minors may reside in another county, and his appointment as guardian was made in the county where the minors reside.

PLEADING.—*Demurrer.*—There is no error in sustaining a demurrer to a paragraph of an answer, where the general denial is also pleaded in answer, and the matter set up in such paragraph may be proved under the general denial.

SAME.—*Evidence.*—Where a general denial and a set-off are pleaded, it is not error to instruct the jury, that the plaintiff is required to make out his cause of action by a preponderance of the evidence, and that the defendant is in like manner required to establish his set-off by a preponderance of the evidence.

GUARDIAN.—*Action Against Guardian for Board of Wards.*—*Set-off.*—In a suit against a guardian upon an agreement to pay for the board and care of his wards, in the absence of any agreement by which the wards were to be kept at work, the guardian can only set off against the claim of the plaintiff the value of services actually rendered by such wards.

JUDGMENT.—Where no objection has been taken in the court below to the form of the judgment, and no motion has been made to modify or correct it, such question cannot be raised in the Supreme Court.

From the Boone Common Pleas.

*S. C. Willson, A. J. Boone,* and *R. W. Harrison,* for appellant.

BUSKIRK, J.—This was an action by the appellee against the appellant, as guardian of the minor children of Aquilla G. Granstaff, deceased, to recover for services rendered under a contract with such guardian, in boarding, lodging, clothing, and taking care of such minor children.

The complaint consisted of two paragraphs.

The appellant demurred to each paragraph, upon the grounds that neither of said paragraphs stated facts sufficient to constitute a cause of action, and that the court had no jurisdiction of the subject-matter of the action or of the person of the appellant, which demurrer was sustained as to the first, for the want of sufficient facts, and was overruled as to the second, to which latter ruling the appellant excepted.

The appellant answered in four paragraphs. The appellee demurred to the second, third, and fourth paragraphs for the want of sufficient facts.

The court sustained the demurrer to the second and third paragraphs, to which the appellant excepted, and overruled it to the fourth.

There was a reply in denial of the fourth paragraph of the answer.

The cause was submitted to a jury for trial, and resulted in a finding for the appellee.

A new trial was asked for the following causes:

1. The verdict is contrary to law and is not sustained by sufficient evidence.

2. Error in the assessment of the amount of the recovery, the same being too large.

3. Error of law occurring at the trial, and excepted to

Lewis, Guardian, *v.* Edwards.

by the appellant, to wit, the instructions of the court to the jury.

4. Irregularity in the proceedings of the court, in refusing evidence offered by the defendant, and allowing evidence offered by the plaintiff, over the objection of the defendant, whereby he was prevented from having a fair trial.

5. The damages are excessive; that the amount of the assets in his hands amount only to the sum of two hundred and fifty dollars.

The motion was overruled, and the appellant again excepted.

The appellant has assigned the following errors:

1. The court erred in overruling the demurrer to the second paragraph of the complaint.

2. The court erred in sustaining the demurrer to the second and third paragraphs of the answer.

3. The court erred in overruling the motion for a new trial.

The substantial averments of the complaint were these: That plaintiff, on the 26th day of June, 1866, married Jemima Granstaff, widow of Aquilla G. Granstaff; that at the time of such marriage the said Jemima had the care and custody of Louis D., aged eight years, Clarinda, aged six years, Henry, aged four years, and Francis A., aged two years, all of them the children of the said Jemima and Aquilla G. Granstaff; that the said minors, at the date of said marriage, had no legal guardian and did not have until the — day of August, 1867, when said defendant was appointed such guardian and has continued in such capacity ever since; that as such guardian he has in his possession a large sum of money, belonging to such minors, the exact amount of which is not known to plaintiff; that at the time of his said marriage, the said minors having no legal guardian, and they being all too young to obtain a livelihood, and the said Jemima having no property of her own, excepting about one hundred dollars, and as the said minors would otherwise have suffered for the necessaries of life, he took said minors to his home

and maintained them in all particulars until the — day of August, 1867, when the said defendant, as such guardian, specially agreed and contracted to pay the plaintiff for the care, support, and maintenance of said minor children ever since; that he has furnished all the clothing for the oldest of said minors, paid all the doctors' bills for said minors, and also for all their schooling; that said defendant, although often requested so to do, has wholly failed to pay anything whatever for said care, support, and maintenance of said minors, although the said plaintiff is in very limited circumstances, and compelled to work at daily labor for his support, and is unable to provide for said minors without compensation, all of which facts defendant has well known; and said defendant has, during all the time aforesaid, had ample means in his hands belonging to such minors. The conclusion is as follows:

"And he avers that it is reasonably worth fifty-two dollars per year for supporting and maintaining each of said minors, and that he has supported and maintained them for five years; wherefore he prays judgment against said guardian for nine hundred dollars and other relief."

The objections urged to the complaint are, that it does not show how much was to be paid, or when it was to be paid, or for which of the children the payment was to be made, or whether the payment was to be made for services rendered before or after the appointment of the guardian, or before or after the agreement, or whether the agreement was by parol or in writing.

It is a settled and correct rule of pleading under the code of practice, that uncertainty is not a ground of demurrer, but is a ground for a motion to compel the plaintiff to make his pleading more certain. Nevertheless, if a pleading be so uncertain as not to state intelligibly a substantially good cause of action or defence, it will be subject to demurrer, for not stating a cause of action or defence. *Snowden* v. *Wilas*, 19 Ind. 10; *Lane* v. *Miller*, 27 Ind. 534.

All the objections urged to the complaint have relation

Lewis, Guardian, *v.* Edwards.

to the uncertainty of its allegations. While, we think, the complaint was subject to a motion to make its allegations more certain and specific, we do not think it was subject to a demurrer. The complaint contained substantially a good cause of action. A pleading is never subject to a demurrer for the want of sufficient facts, if it contains facts sufficient to constitute a cause of action for any sum, however small, or defence to any portion of the cause of action, where it is not pleaded in bar of the entire action. The demurrer to the complaint was correctly overruled.

Did the court err in sustaining the demurrer to the second paragraph of the answer? The answer was as follows:

" 2. And the said defendant, further answering the amended complaint, says, that on or about the — day of August, 1867, he was duly and legally appointed the guardian of the persons and estate of the minor heirs named in the complaint, viz.," (we omit the names), "by the Common Pleas Court" of Boone county, Indiana, and then and there entered upon the discharge of the said trust; and he avers that he never had any other or different appointment by any other court or authority to the said trust, and that the appointment above stated is the same appointment and guardianship referred to in the complaint; he further states that said wards were, at the time of the said appointment, residing in the said county of Boone with their mother, Jemima Granstaff, who then had, and from the date of the death of the said Aquilla G. Granstaff, the father of said children, had had the care and custody of the said minors; and the said Jemima, being a suitable person to have the care and custody of the said minors, was permitted, and by law entitled, to continue such control, custody, and care of the persons of said minors; and the defendant avers that the said minors and their said mother, the wife of the plaintiff, and the plaintiff have resided in the county of Boone ever since the intermarriage of the plaintiff and their said mother, and now reside in the said county; wherefore defendant says that this court has

no jurisdiction of the subject of the action or of the persons of the defendant or of his wards; he therefore asks that this suit abate for the causes aforesaid, and for other proper relief."

The answer was sworn to.

This answer proceeds on the theory that the jurisdiction of the court over the subject-matter of the action depended upon where the estate of the minors was situated, and the jurisdiction of the court over the person of the defendant depended upon the residence of the plaintiff, the minors, and their mother. This is a mistaken theory, and has no foundation in law or reason. The defendant was sued upon his individual undertaking, though described as guardian, and hence it was immaterial where the estate of the minors was situated, or whether the defendant had any property in his hands belonging to his wards or not, or whether he was guardian at the time the accommodations were furnished or not. If the promise of the defendant to pay for the accommodations furnished by the plaintiff was proved, the case was made out, and the plaintiff was entitled to a personal judgment against the defendant for such sum as was shown by the evidence to be just and reasonable. The action was commenced in Montgomery county, where the process was served upon the defendant, who appeared to the action in that county, and upon whose application the venue was changed to the county of Boone for the convenience and accommodation of the witnesses, the most of whom were alleged to reside in and near to the county seat of such county. It should be observed that it is not alleged that the defendant was not a resident of Montgomery county at the commencement of the action, or at the time the answer was filed. We think the court below had full and complete jurisdiction of the subject of the action and of the person of the defendant, and that the demurrer to the answer was correctly sustained. *Clark* v. *Casler,* 1 Ind. 243, and authorities cited.

We next inquire whether the court erred in sustaining the demurrer to the third paragraph of the answer. The substance of such paragraph was, that after the intermarriage

of the plaintiff with the mother of said minors, the wards of the defendant, he permitted the said minor children to remain with their said mother in his family and as members thereof, without any contract, agreement, or arrangement whatever with any competent authority for compensation for his expenses, care, and custody in their maintenance.

The complaint alleged that the plaintiff kept and provided for such minors under a special contract with the defendant, as their guardian. The answer in question only amounted to an argumentative denial. The general denial was pleaded. There was no error in sustaining the demurrer, as every matter stated therein could have been proved under the general denial.

Did the court err in overruling the motion for a new trial?

It is claimed by counsel for appellant that the court erred in the instructions given to the jury. There were ten instructions. There was no exception to the seventh and ninth. Counsel in their brief admit that the first, second, sixth, eighth, and tenth were correct. This leaves for our examination the third, fourth, and fifth. The third was as follows: "If the plaintiff proves his complaint by a preponderance of the evidence, then it devolves upon the defendant to prove the allegations of his answer, alleging set-off for work and labor, by a preponderance of the evidence."

The objection urged to this instruction is, that "each party must prove his allegations by a preponderance of all the evidence given in the cause, without reference to the fact of whether the other has succeeded in his proof or not."

It seems to us that the jury could not have failed to understand from the instruction, that the plaintiff was required to make out his cause of action by a preponderance of the evidence, and that the defendant was in like manner required to establish his set-off by a preponderance of the evidence. We think the instruction was unexceptionable.

The fourth was as follows: "If the jury believe from a preponderance of the evidence, that after the defendant was appointed guardian of the minor children mentioned in the

complaint, he agreed, in consideration of the plaintiff's taking care of and providing for the minors, to pay the plaintiff a reasonable compensation therefor, then it is the duty of the jury to allow to the plaintiff whatever they find such services to be reasonably worth, from all the evidence, and this allowance should be made from the time of the said promise until the commencement of the action."

The objection urged to this instruction is, that the jury were told that they were to find the agreement to pay for taking care of the minors from a preponderance of the evidence, but that they should find the value of the services from all the evidence. In our opinion the objection is exceedingly technical. The second instruction, which is conceded to be correct, was: " The plaintiff must prove his complaint by a preponderance of the evidence." In the third instruction, the same rule was applied to both parties. In the first sentence of the instruction under examination, the jury were, for the third time, informed that they must make their finding from a preponderance of the evidence. We are strongly impressed with the conviction that it was not necessary to repeat it for the fourth time.

The fifth instruction was as follows : " In deciding whether or not the defendant is entitled to any set-off against the plaintiff for the services, work, and labor of the minor children, the jury can only take into consideration what the services of the children were worth, if any thing, to the plaintiff, Edwards. And in deciding this, you should only be guided in your conclusion by such evidence as is given from the personal knowledge of the witnesses themselves ; and in passing upon this question, you should take into consideration the age of the children when the promise, if any, to remunerate the plaintiff by defendant was made, their ability to perform labor, the kind of service they actually did perform, if any, and whether or not the children attended school during this period ; and if, from all these considerations and the evidence in the cause, you should believe the services of the minor children were of no value to the plain-

tiff, then you should find for the plaintiff in the full amount of the value of taking care of and providing for said minors, if you find the defendant agreed to pay for such."

Two exceptions are taken to the above instruction. First. That the jury were told that, in estimating the value of the services rendered by the minors, they should only be guided by such evidence as is given from the personal knowledge of the witnesses themselves. Second. That the jury were instructed that they should estimate the value of the services to Edwards.

The general rule is, that witnesses must testify from their personal knowledge. It is under this rule that all hearsay evidence is excluded. Several witnesses who were called to testify to the value of the services rendered by such minors stated what services they had seen them perform. One said that he had seen the oldest boy plowing on one occasion; another that he had seen Henry chopping once, and still another stated that she had seen the oldest girl nursing the baby, while others had not seen them doing anything, but stated what the services of such children were worth. The purpose of the court seemed to have been to confine the jury to the services actually rendered, and not to permit them to allow for such services as they might have rendered, if they had been kept out of school and required to work all the time.

In the agreement of the guardian to pay for taking care of the children, there was nothing said about their going to school or working. If the guardian had required the plaintiff to keep the minors at work, then the plaintiff would have been required to deduct from his charges the reasonable value of their services, but in the absence of such an agreement, the services actually rendered should have been the proper criterion. There was no error in the instruction given.

The fourth reason for a new trial is too vague and indefinite. Besides, we have looked through the bill of exceptions and do not find that any evidence was offered by the

Lewis, Guardian, *v.* Edwards.

appellant and excluded by the court.   There were no excep-
tions taken to the admission or exclusion of evidence.

It is claimed that the court erred in rendering a personal
judgment against the appellant.   There was no objection to
the form of judgment, nor was there any motion to modify
or correct, consequently no question can be raised here.
*Smith* v. *Dodds*, 35 Ind. 452.   But as we have seen, a per-
sonal judgment was correctly rendered.

It is argued that the damages were excessive.   That
depends upon whether the jury ought to have deducted
anything, and if so, how much, for the services of the minors.
The jury were better judges of that than we are.   The ser-
vices rendered by the plaintiff from the time of the contract
to the bringing of the action, computing them at fifty-two
dollars per year for each child, would have amounted to
eight hundred and eleven dollars.   The verdict of the jury
was for six hundred and thirty dollars.   The jury probably
deducted one hundred and eighty-one dollars for the ser-
vices rendered by the children.   We can not say from the
evidence that the damages were excessive.

Finally, it is insisted that the verdict is not supported by
the evidence.   There is a direct conflict in the evidence, as
to whether there was any agreement on the part of the
guardian to pay the plaintiff for taking care of the children.
There was much conflict as to the value of the services of
the plaintiff and of the children.   There was evidence offered
to impeach the general character of two of the witnesses.
In such a case, we cannot usurp the province of the jury.

The court committed no error in overruling the motion
for a new trial.

The judgment is affirmed, with costs.