No. 8331.

EMBREE ET AL. *v.* THE STATE, EX REL. FEDERER.

DECEDENTS' ESTATES.—*Administrator.*—*Suit on Bond.*—*Parties.*—*Evidence.*—*Conversion.*—In a complaint on the bond of a deceased administrator, on the relation of a creditor, alleging, as breaches, failure to pay the creditor's claim, conversion of the assets, and failure to settle the estate in proper time, neither other unpaid creditors nor the administrator of the deceased administrator are necessary parties, nor is proof of a demand and failure to pay sufficient proof of a conversion of the assets.

From the Gibson Circuit Court.

*J. E. McCullough* and *L. C. Embree,* for appellants.

*R. M. J. Miller,* for appellee.

NIBLACK, J.—This was an action by the State, on the relation of a creditor, against the sureties upon an administrator's bond.

The complaint charged that, on the 24th day of November, 1873, one Thomas Cole was appointed administrator of the estate of Jacob Lyles, deceased, and that he, with the defendants Milton P. Embree and Thomas N. Milburn as his sureties, executed a bond conditioned for the faithful discharge of his duties as such administrator; that thereupon Cole duly qualified as the administrator thereof, and took upon himself the administration of said estate; that, on the 15th day of January, 1874, Frederick C. Federer & Co. filed two claims against the estate, one based on a note for $22.40 and the other consisting of an account for $17.80, both of which claims were duly allowed by Cole, administrator, as above stated; that certain other creditors of the decedent also filed claims against the estate, amounting in the aggregate to the sum of $500.00, all of which claims were also allowed in due course of administration; that sufficient assets came into the hands of Cole to pay all claims against the estate; that the relator, Frederick C. Federer, is the surviving partner of the firm of Frederick C. Federer & Co.; that Cole had died, leaving an insolvent estate.

The breaches assigned were:

*First.* That Cole, though often requested, had continuously failed and refused to pay the claims due from, and had unjustly neglected and refused to pay any of the debts against, the estate.

*Second.* That Cole had converted the entire assets of the estate to his own use.

*Third.* That Cole had for four years neglected to pay the claims against the estate, and had unlawfully failed and re-

fused to make final settlement of his trust as the administrator thereof, to the damage of the relator in the sum of $60, and of the other creditors in the sum of $500.

The defendants answered in three paragraphs:

1. In general denial.

2. In abatement, alleging the names of four other creditors of the estate, residents of Gibson county, who it was claimed, ought, also, to have been made relators in the action.

3. Also in abatement, alleging the name of the administrator of Cole's estate, who, it was averred, also resided in Gibson county, and ought to have been made a co-defendant in the action.

Demurrers were sustained to the second and third paragraphs of the answer. A jury returned a verdict for the plaintiff, assessing the damages at $403.35. Answers to certain interrogatories addressed to the jury made it appear that the entire amount of the damages had been assessed upon the second breach assigned in the complaint.

A motion for a new trial being first denied, judgment was rendered in favor of the plaintiff for the damages assessed by the jury. Error is assigned upon the sustaining of the demurrer to the second and third paragraphs of the answer, and upon the overruling of the motion for a new trial.

In cases like this the usual and better method of proceeding is to have an administrator *de bonis non* appointed, and to allow him to recover the assets of the estate unadministered, and to settle the estate in due course of administration.

In that way complications may be avoided, which are liable to arise where the creditors only sue upon the bond of a deceased or former administrator. But where an administrator has been guilty of a breach of his bond, a suit may be maintained against him and his sureties, or, in a proper case, his sureties alone, on the relation of any creditor of the estate, meaning thereby any creditor who has been injured by the misconduct of the administrator. In case of a recovery, the judgment ought to be in the name of the State, and in such a

way as to make it inûre to the benefit of the estate generally, and not to any particular creditor, and the damages, when collected, after allowing the relator a compensation, shall be paid into court, to be disposed of according to law. 2 R. S. 1876, p. 549, sections 162, 163, 164. A right of action is thus secured to any injured creditor of an estate where the administrator has become liable upon his bond. Hence, the second paragraph of the answer did not contain facts sufficient to abate the action, and the court did not err in sustaining the demurrer to that paragraph.

The administrator of Cole might have been made a party defendant to the action, but it was not necessary that he should have been. *Braxton* v. *State, ex rel.*, 25 Ind. 82 ; *Stanford* v. *Stanford*, 42 Ind. 485 ; *Milam* v. *Milam*, 60 Ind. 58.

There was consequently no error in sustaining the demurrer to the third paragraph of the answer.

One of the causes assigned for a new trial was that the verdict was not sustained by sufficient evidence.

The attorney for the relator testified that, in the latter part of the year 1877, he, on behalf of his client, twice demanded of Cole, as the administrator of the estate, payment of the claims of Frederick C. Federer & Co., but that Cole did not pay the claims. Another creditor of the estate testified that he had several times demanded payment of his claim of Cole, but that Cole did not pay it. This was all the evidence which could have been construed as tending to show a conversion of the assets in his hands by Cole as charged in the complaint. This was not sufficient to establish a conversion of the assets by Cole to his own use.

When personal property has been tortiously taken, or unlawfully detained, a demand for its possession by the owner, supplemented by a refusal to return or deliver up the property, is usually accepted as sufficient evidence to prove a conversion of the property so taken or detained ; but more than a demand and a refusal to pay must be shown, to establish a conversion in a case like this, where the administrator is the

lawful custodian of the assets, and where no specific article of property is sued for. Something more palpable than a mere delay in the payment of a claim against an estate must be proven to make out a case of conversion of the assets. 3 Wait's Actions and Defenses, 256. For aught that was made to appear by the evidence, the assets unadministered by Cole are still in existence awaiting the appointment of another administrator, or ready to be delivered to whomsoever may be entitled to receive them.

In our opinion, therefore, the verdict was not sustained by sufficient evidence.

The judgment is reversed, at the costs of Federer, the relator, and the cause remanded for a new trial.

Embree, one of the appellants, having died since this cause was submitted, it is ordered that the judgment of reversal in this cause shall be entered as of the November term, 1879, of this court, during which the submission was made.