The State, *ex rel.* Dorman, *v.* Fitch *et al.*

No. 13,081.

THE STATE, EX REL. DORMAN, *v.* FITCH ET AL.

GUARDIAN AND WARD.—*Right of Creditor to Sue on Bond.— Statute Construed.*—Under section 2527, R. S. 1881, construed in connection with section 2458, a creditor of a ward's estate, when his interests have been injuriously affected by the misconduct of the guardian, may sue on the latter's bond for any of the causes for which an executor or administrator may be sued on his bond, as specified in the section last mentioned.

SAME.—*Allowance of Claim.*—The fact that a guardian reported to the court having jurisdiction of his trust that the claim of a creditor was a valid and subsisting claim against the estate of his ward, is, as to such guardian and the sureties on his bond, the equivalent of a formal allowance of the claim by the court.

PLEADING.—*Demurrer.— Omission from Record.—Supreme Court.—Practice.*— Where a demurrer was filed to a pleading and overruled, but is not in the record on appeal, it will be presumed that it was properly overruled; but where a demurrer which is not in the record was sustained, and there are no other defects in the record to interfere with such a proceeding, the Supreme Court will consider the sufficiency of the pleading to which the demurrer was addressed and decide whether it was substantially defective in any respect.

SAME.— *Complaint.—Sufficient for Nominal Damages Only.—Reversal of Judgment.*—When a demurrer has been sustained to a complaint, the judgment will not be reversed if such complaint only states facts entitling the plaintiff to merely nominal damages.

From the Dearborn Circuit Court.

*N. S. Givan,* for appellant.

*C. F. Hayes,* for appellees.

NIBLACK, J.—On the 30th day of December, 1881, George B. Fitch, one of the appellees, was, by the Dearborn Circuit Court, appointed guardian of one Omer T. Hayes, an habitual drunkard, and accordingly executed a bond as such guardian, conditioned in the usual form, with DeWitt C. Fitch and Isaac Hayes as his sureties. He immediately entered on the duties of the trust thus imposed upon him, and took possession of the property, both real and personal,

which belonged to his ward. Afterwards, at the request of the said George B. Fitch, as such guardian, Frank R. Dorman delivered to the said Omer T. Hayes dry goods and clothing, for the use of the latter and his family, amounting in value to the sum of $93.55. These dry goods and this clothing were necessary for the comfort and support of the ward, Hayes, and his family, and were so used by them. In his reports to the Dearborn Circuit Court in regard to the condition of the estate of his ward in his hands, the said George B. Fitch reported the claim of Dorman, for goods so furnished by him, as a just and valid claim against the estate; but he, Fitch, never paid the claim, and it still remains unpaid. On the 16th day of October, 1885, Fitch tendered his resignation as guardian, and it was accepted and he was discharged.

Dorman thereupon commenced this action, in the name of the State on his own relation, against Fitch and his sureties on his bond as such late guardian, alleging as breaches:

*First.* That the said Fitch had failed to make and file an inventory of the property which came into his hands as, and while he was, guardian.

*Second.* That he had failed and neglected to rent the real estate belonging to his late ward, and to collect and receive any rent for the same, although the rental value of such real estate was $350 per year; that, by reason of such failure and neglect, such rents had been lost to the estate of such ward.

*Third.* That he had failed to use due diligence in the collection of claims due the estate of his said late ward, and that such claims were thereby lost to the estate.

*Fourth.* That he had suffered the property of his said late ward to go to waste and to become valueless or lost to his estate.

*Fifth.* That he had failed and refused to pay his, the relator's, claim, although he had paid other claims against him as such guardian.

*Sixth.* That he knowingly allowed persons to cut down

timber trees growing on his late ward's lands, and to sell the same to the value of $300, thereby permitting waste on such lands while they were in his possession as such gardian.

The defendants demurred to the complaint, and their demurrer being sustained, and the relator declining to plead further, they obtained final judgment upon demurrer.

The demurrer is not in the record, and a memorandum made by the clerk below informs us that it is not on file with the other papers in the cause. The point is made on behalf of the appellees that, in the absence of the demurrer from the record, this court can not consider any question which may have been presented by it, but must assume that the demurrer was rightly sustained.

As deducible from our decided cases, the following rules of procedure are recognized in this court: Where a demurrer was filed to a pleading below, and was overruled, but is not in the record here, it will be presumed that the demurrer was so overruled, either on account of some defect of its own, or because some objection was thereby presented to the pleading to which it was not liable; but that where a demurrer, which is not in the record, was sustained, and there are no other defects in the record to interfere with such a proceeding, this court will consider the sufficiency of the pleading to which the demurrer was addressed, and inquire whether it was substantially defective in any respect, and decide according to the conclusion which may, in this way, be reached. This distinction between cases in which demurrers have been overruled, and those where demurrers have been sustained, may not have been carefully observed in all the cases having some relation to the subject in question, but it is one recognized by some of our best considered cases, and is a distinction we consider well taken, and consequently reaffirm. *Crowell* v. *City of Peru,* 41 Ind. 308; *Comer* v. *Himes,* 49 Ind. 482; *Jessup* v. *Trout,* 77 Ind. 194; *Long* v. *Town of Brookston,* 79 Ind. 183; *Shackman* v. *Little,* 87 Ind. 181; *Hammon* v. *Sexton,* 69 Ind. 37.

It is impliedly admitted in argument that the demurrer presented two, and only two, objections to the complaint:

*First.* That upon the facts averred Dorman was not a proper relator in the action.

*Second.* That the facts were not sufficient to constitute a cause of action.

Section 2527, R. S. 1881, declares that "Any bond given by any guardian may be put in suit by any person entitled to the estate; and such suit shall be governed by the law regulating suits on the bonds of executors and administrators."

It is claimed that only three persons can become entitled to the estate of the ward under the provisions of this section:

*First.* The ward on his arriving at full age, or upon the removal of his disabilities. *Second.* The legal representative of the ward. *Third.* The successor of the guardian in the matter of the guardianship; and that hence a creditor of the ward's estate can not become a relator in the suit upon his guardian's bond, because as such creditor he does not succeed to the estate.

Section 2458, R. S. 1881, provides that "Any executor or administrator may be sued, on his bond, by any creditor, heir, legatee, or surviving or succeeding executor or administrator, co-executor or co-administrator of the same estate, for any of the following causes:"

*First.* For failure to make and return inventories; also, to return appraisement bills and sale bills, as well as to make reports and render accounts according to law.

*Second.* For failure to pay the money of the estate into court when lawfully required.

*Third.* For failure to use due diligence in collecting claims.

*Fourth.* For want of reasonable care in taking solvent sureties to notes and other obligations.

*Fifth.* For embezzling, concealing or converting the assets of the estate.

*Sixth.* For negligently permitting the property of the estate to be injured.

*Seventh.* For causing or permitting waste.

*Eighth.* For failure to render an account of his proceedings when required by law or the proper court.

*Ninth.* For non-compliance with any lawful order of the court.

*Tenth.* For any other violation of the duties of his trust.

Construing section 2527, first above set out, with the foregoing section, the reasonable, and, as we think, necessary inference is, that a creditor of a ward's estate, when his interests have been injuriously affected by the misconduct of the guardian, may sue on his, the guardian's, bond for any of the causes for which an executor or administrator may be sued on his bond as specified in section 2458, lastly above set forth. This construction is fully sustained by the following cases, and others which might be cited : *State, ex rel.*, v. *Hughes,* 15 Ind. 104 ; *Potter* v. *State, ex rel.*, 23 Ind. 607 ; *Blackwell* v. *State, ex rel.*, 26 Ind. 204 ; *Moody* v. *State, ex rel.*, 84 Ind. 433.

When a person becomes a creditor of a ward, having an estate in the hands of a guardian, he thereby acquires an interest in, and the right, in a certain sense, to demand a part of, such estate. He has then become " entitled to the estate " within the meaning of section 2527, under consideration. In this view Dorman was a proper relator in the action.

It is further claimed that the complaint was, at all events, defective in not averring that Dorman's claim had been either admitted or allowed as a valid and proper claim against the estate of Omer T. Hayes. The case of *Eaton* v. *Benefield,* 2 Blackf. 52, which in effect held that a creditor's claim must have been either admitted or allowed as a proper claim against the estate before he could prosecute a suit against the executor or administrator on his bond for the alleged maladministration of his trust, has been long since substantially overruled. *State, ex rel.*, v. *Strange,* 1 Ind. 538 ; *State, ex rel.*, v.

*Railsback*, 7 Ind. 634; *Bescher* v. *State, ex rel.*, 63 Ind. 302.

Under the more recent cases, when a creditor sues an executor or administrator on his bond for misconduct injurious to the estate generally, it is sufficient, in reference to his claim, for him to allege in the complaint, and prove at the trial, that he is a creditor of the estate. Whether, when a creditor sues for misconduct affecting him only injuriously in the collection of his particular claim, such as postponing it in favor of a claim of a lower grade, or an unreasonable refusal to pay, or an unlawful delay in paying it, ought not first to have his claim formally admitted or allowed, is a question not now involved, but is one which may at some time require a more careful consideration than it seems to have heretofore received. *Pence* v. *Makepeace*, 75 Ind. 480.

On the general subject of suits on bonds of executors and administrators, see the case of *Embree* v. *State, ex rel.*, 85 Ind. 368.

In regard to the presentation and allowance of claims against the estate of a ward, no such formal or particular requirements are made as are in cases of claims against decedents' estates. In any event, the fact that Fitch several times, or even once, reported to the court that Dorman's claim was a valid and subsisting claim against the estate of his ward, was, at least as to him and his sureties, the equivalent of a formal allowance of the claim by the court.

Upon the facts stated, Dorman might have held Fitch personally liable for the goods delivered to his ward for his, the ward's, use and that of his family, instead of relying upon the ward's estate. *Forster* v. *Fuller*, 6 Mass. 58; *Clark* v. *Casler*, 1 Ind. 243; *Stevenson* v. *Bruce*, 10 Ind. 397; *Lewis* v. *Edwards*, 44 Ind. 333.

It is further objected, that all the breaches assigned by the complaint are insufficient to constitute causes of action against the appellees. As a recurrence to these breaches will disclose, the value of the property which came into Fitch's

hands as guardian was not stated in any of them. Nor was anything averred in any of these breaches as to the general condition of the estate of Omer T. Hayes, from which it was made to appear that Dorman was prevented, either in whole or part, from collecting his claim out of the property of the said Hayes. There was nothing in any of the averments which entitled Dorman to more than nominal damages.

When a demurrer has been sustained to a complaint, the judgment will not be reversed, notwithstanding it may have been sufficient as a complaint for merely nominal damages. This is in analogy to, and based upon, the rule that a judgment will not be reversed for a failure to assess only nominal damages. Tate v. Booe, 9 Ind. 13; Hacker v. Blake, 17 Ind. 97; Black v. Coan, 48 Ind. 385; Mahoney v. Robbins, 49 Ind. 146; Indianapolis, etc., G. R. Co. v. Belt R. W. Co., 110 Ind. 5, on p. 17.

The judgment is affirmed, at Dorman's costs.

Filed March 2, 1888.