Filed May 27, 1891.

---

## No. 121.

## BAKER, GUARDIAN, *v.* GROVES.

PLEADING.—*Demurrer.—Several.— What Sufficient.*—A several demurrer to a complaint consisting of more than one paragraph need not in terms be addressed to each paragraph, but it must be such as to declare in express language that neither of the paragraphs, taken separately, states facts sufficient to constitute a cause of action.

GUARDIAN AND WARD.—*Personal Liability of Guardian.—Judgment.*—In an action against a guardian in his personal capacity for undertaking personally to pay the plaintiff for services rendered in caring for his ward, at such guardian's instance and request, the judgment should not be against the ward's estate, but against the guardian personally.

SAME.—*Liability of Ward for Necessaries Furnished Before Letters of Guardianship Issued.—Personal Liability of Guardian.*—A person of unsound mind, under guardianship, is personally liable for necessaries furnished him

before he became insane; and his guardian can not be held personally liable therefor.

From the Fayette Circuit Court.

*R. Conner* and *H. L. Frost*, for appellant.

*J. I. Little* and *D. W. McKee*, for appellee.

New, C. J.—The appellee brings this suit against the appellant upon a complaint of four paragraphs.

The first paragraph complains of the appellant as guardian of David Baker, a person of unsound mind, averring that she was employed by said guardian, on behalf of his said ward, to cook and care for him, and care for his house, at two dollars per week for one year, beginning May 16, 1887 ; that she performed said services, and the same were necessary ; that there is due her from the appellant, for the services so rendered, the sum of one hundred and two dollars. Wherefore she demands judgment against the appellant, John H. Baker, and asks that he be directed by the court to pay her said sum out of the estate of said David Baker.

The second paragraph is somewhat differently stated, but is to recover the same amount, for the like services, rendered at the request of the appellant. This paragraph concludes by asking judgment against the appellant and against the estate of said David Baker.

The third paragraph is to recover for services rendered by the appellee for said David Baker, the same being contracted for by the latter when he was of sound mind, and the services rendered before he was declared to be of unsound mind. Prayer for judgment against the appellant and the estate of his ward.

The fourth paragraph is the same as the third, except that it seeks to recover upon an implied contract.

Objection was made to the complaint by the appellant, by demurrer, as follows :

" The defendant, in the above entitled cause, demurs severally to the several paragraphs of plaintiff's complaint,

for the reason that said complaint does not state facts suffi-
cient to constitute a cause of action against him as such
guardian."

The demurrer was overruled and exceptions saved. The
appellant then filed his answer in two paragraphs—the gen-
eral denial and payment. The plea of payment was replied
to by a general denial.

Upon the issue joined there was a trial by jury, with a ver-
dict for the appellee in the sum of one hundred and thirty
dollars.

Motions by the appellant for a *venire de novo* and for a new
trial were overruled by the court, and judgment entered upon
the verdict as follows:

" It is therefore considered and adjudged by the court that
the plaintiff recover of the assets of the estate of said David
Baker in the hands of said guardian, or his successor in his
trust, the sum of one hundred and thirty dollars, together
with the costs and charges by the plaintiff in this cause laid
out and expended, and said guardian is ordered to pay the same
out of said assets," to all of which the appellant excepted.

The errors assigned by the appellant are :

*First.* Overruling the demurrer to the complaint.

*Second.* Overruling the motion for a *venire de novo.*

*Third.* Overruling the motion for a new trial.

If the demurrer in the form given is entitled to recogni-
tion, as good for any purpose under the code, it can not be as
a several demurrer. A several demurrer to a complaint con-
sisting of more than one paragraph, although it need not be
in terms addressed to each paragraph of the complaint, still
it relates to each separately, and can not be sufficient as a
several demurrer unless its phraseology be such as to de-
clare that neither of the paragraphs, taken separately, states
facts sufficient to constitute a cause of action.

In the present demurrer an attempt is made to challenge
the sufficiency of each paragraph of the complaint separately,
" for the reason that said complaint does not state facts suf-

ficient to constitute a cause of action," not that neither of said paragraphs of the complaint states facts sufficient to constitute a cause of action.

To treat such a demurrer as several would not be the liberality of construction required by the code; it would be to totally ignore and disregard its provisions, as construed by the Supreme Court. *Silvers* v. *Junction R. R. Co.*, 43 Ind. 435; *Carver* v. *Carver*, 97 Ind. 497; *Stribling* v. *Brougher*, 79 Ind. 328.

The demurrer to the complaint is practically joint, and not several, because it is an entire complaint, consisting of several paragraphs, which is said not to state facts sufficient to constitute a cause of action. It would have been error, therefore, to sustain the demurrer if either paragraph of the complaint was good. *City of Connersville* v. *Connersville Hydraulic Co.*, 86 Ind. 235; *Rout* v. *Woods*, 67 Ind. 319; 1 Works Prac., section 530, and authorities there noted.

Indeed, the error assigned to the complaint could not be considered at all if the demurrer be not treated as joint, for the error as assigned is that " the court erred in overruling the demurrer to the complaint."

The first and second paragraphs of the complaint state a good cause of action against the appellant personally. This required the overruling of the demurrer.

In the first and second paragraphs the appellant is sued on his individual undertaking, although he is described as guardian. If the services sued for by the appellee were rendered under a contract with the appellant, as alleged in the first paragraph of the complaint, or at his instance and request, as alleged in the second paragraph, the appellee was entitled to a personal judgment against the appellant for the amount proven. And in the judgment there should have been no mention of or reference to the ward's estate. *Clark* v. *Casler*, 1 Ind. 243; *Stevenson* v. *Bruce*, 10 Ind. 397; *Lewis* v. *Edwards*, 44 Ind. 333; *Elson* v. *Spraker*, 100 Ind. 374; *State*,

*ex rel.,* v. *Fitch,* 113 Ind. 478; *Simms* v. *Norris,* 5 Ala. 42; *Thacher* v. *Dinsmore,* 5 Mass. 299.

The demurrer to the complaint was properly overruled.

The second assignment of error is waived by the appellant, and therefore we give it no attention.

The first reason assigned for a new trial is that the damages are excessive.

It is plain from the evidence that one hundred and four dollars, of the one hundred and thirty, was found to be due the appellee on the first and second paragraphs of the complaint; that is to say, two dollars per week for fifty-two weeks. The remainder, twenty-six dollars, was allowed the appellee on the fourth and fifth paragraphs of the complaint.

There could be no recovery against the appellant on the fourth and fifth paragraphs. They do not state a cause of action against him. The services sued for in those paragraphs were necessaries contracted for and received by David Baker when he was of sound mind.

The appellant had no connection whatever, as guardian or otherwise, with the matters set up in the third and fourth paragraphs of the complaint, and although, after his appointment as guardian, he would have the right to pay a just debt previously incurred by his ward, and be entitled to a credit therefor as guardian, upon a fair and proper showing made to the court, he would not be liable personally in this form of action for simply failing to do so upon demand.

David Baker, although he afterwards became of unsound mind, and was so adjudged and put under guardianship, would himself be liable for necessaries. Of this there can be no doubt. *Woods* v. *Brown,* 93 Ind. 164; *Fay* v. *Burditt,* 81 Ind. 433; *Wilder* v. *Weakley,* 34 Ind. 181; 1 Parsons Contracts (5th ed.), 385; 7 Wait Actions and Defences, 155, and authorities there cited; *Ex parte Leighton,* 14 Mass. 207; *Richardson* v. *Strong,* 13 Ired. N. C. L. R. 106.

The damages assessed by the jury were excessive in the sum of twenty-six dollars.

The instructions and evidence objected to by the appellant, and assigned as grounds for a new trial, we need not consider, inasmuch as they relate, so far as they can be injurious to the appellant, to the third and fourth paragraphs of the complaint.

If the twenty-six dollars be remitted by the appellee and the costs of this court be paid by her within thirty days, the judgment below will be affirmed for the sum of one hundred and four dollars and costs below, otherwise the judgment will be reversed, with costs.

If the amount named be remitted the error in the form of rendering the judgment may be considered as amended in this court. *Stevenson* v. *Bruce, supra;* section 658, R. S. 1881.

