HALL *v.* FERGUSON, GUARDIAN.

[No. 3,111.   Filed April 20, 1900.]

GUARDIAN AND WARD.—*Personal Judgment Against Guardian Not a Claim Against Ward's Estate.*—A judgment in the usual form against "Josiah Ferguson, guardian of H," and made collectible "with relief" is a personal judgment, and does not constitute a claim against the ward's estate.   *pp. 533, 534.*

SAME.—*Judgment Against Guardian for Necessaries Furnished Ward.*—Where a person furnishes goods, necessaries, etc., to a ward at the instance and request of the guardian, a judgment therefor should not be against the ward's estate, but against the guardian personally.   *p. 535.*

SAME.—*Action Against Guardian.—Complaint.—Descriptio Personae.*—Where, in an action in a superior court against a defendant guardian and his bondsmen to recover for goods sold to him for the use and benefit of his ward, the fact that the defendant was referred to in the complaint as "guardian" will be regarded as *descriptio personae.   p. 535.*

APPEAL AND ERROR.—*Evidence.—Variance.—Trifles.*—A judgment of the trial court for the defendant will not be reversed on appeal as being contrary to the evidence, where the evidence shows that the account sued on had all been paid but eleven cents.   *pp. 535, 536.*

From the Grant Circuit Court.   *Affirmed.*

*A. E. Steele* and *J. A. Kersey,* for appellant.

*T. B. Dicken, J. T. Strange* and *E. A. Huffman,* for appellee.

WILEY, C. J.—The questions presented by this appeal arose upon exceptions of appellant filed to the final report

of appellee as guardian of Dora Haines. The court found against appellant on his exceptions, approved the final report, and discharged the guardian. The exceptions were based upon a judgment which appellant had recovered against appellee as guardian of Dora Haines, and show that such judgment was on the guardian's bond for goods, wares, and merchandise furnished by appellant at the instance and request of appellee; that appellee had knowledge of the existence of said judgment, and after it was rendered, and before he filed his final report, he had knowledge of the existence of said judgment, and knew that it was unpaid. The errors assigned are the overruling of the objections and exceptions to the final report and the motion for a new trial.

The decision of the question, it seems to us, depends upon the character of the judgment rendered against appellee. If the judgment is against appellee in his individual capacity, then the funds that came to his hands as guardian are not chargeable with its payment. If, however, the judgment may be regarded as an allowance of a claim by the court against him in his fiduciary capacity, then it should be a claim against his trust, and should be paid out of trust funds in his hands, if any. The evidence is brought into the record by a bill of exceptions, and it appears that appellant commenced an action in the Grant Superior Court upon the bond of appellee to recover for goods, etc., sold to him for the benefit and use of his ward. Before trial the action was dismissed as to the bondsmen, and by agreement judgment was rendered against appellee. That judgment is as follows: "It is therefore considered and adjudged by the court that the plaintiff recover of and from the defendant, Josiah Ferguson, guardian of Dora Haines, the sum of $152.57, together with his costs and charges laid out and expended taxed at $...., with relief from valuation laws." It is also shown that the goods furnished the ward were furnished by appellant on the credit

of appellee; that for a part of the goods appellee gave his individual notes, and appellant gave him receipts therefor, for which he obtained credit in his reports. One note for $113.21 showed a credit of $50, and when the action on the bond was commenced appellant brought the note into court, turned it over to the clerk for the use and benefit of appellee, and based his action upon an open account.

The judgment on its face shows that it is a personal judgment against appellee. It is made collectible "with relief", and an execution can be issued at any time upon it. Being a judgment with relief to be enforced by execution, it is evident that it is not a judgment against the estate of the ward, and hence can not constitute a claim against her estate. Not only this, but the action on the bond was commenced in the Grant Superior Court, which court does not possess any probate jurisdiction, and this shows that appellant was seeking a personal judgment, and was not pursuing any method known to the law or practice by which he was seeking to have the court make an allowance of his claim against the trust estate. That he was seeking a personal judgment also further appears by the fact that he brought his action upon the guardian's bond and brought the bondsmen into court.

It is the rule in this State, under the authorities, that when a person has a legal or equitable claim against the estate of a ward, he may present his claim by proper complaint or petition against such guardian in the probate court having jurisdiction of the estate of the ward, and secure an order of such court for the payment of such amount out of the trust estate, as the court may, on the evidence under the circumstances, see fit, in the exercise of a sound discretion, to allow. *Turner* v. *Flagg*, 6 Ind. App. 563, and authorities there cited. Thornton & Blackledge on Administration and Settlement of Estates, p. 777. Appellant has not done this, but sought his remedy by an action upon the bond of appellee, and, in the end, by agreeing to a personal judgment against him.

There is also another legal principle which applies with much force here, and that is, where a person furnishes goods, necessaries, etc., to a ward, at the instance and request of the guardian, a judgment therefor should not be against the ward's estate, but against the guardian personally. *Baker* v. *Groves*, 1 Ind. App. 522; *Clark* v. *Casler*, 1 Ind. 243; *Stevenson* v. *Bruce*, 10 Ind. 397; *Lewis* v. *Edwards*, 44 Ind. 333; *Elson* v. *Spraker*, 100 Ind. 374; *State* v. *Fitch*, 113 Ind. 478.

In the complaint upon which the judgment was rendered, appellant is referred to as "guardian", but we must regard this as merely *descriptio personae*, for it is plain that the relief sought was personal, ·for in the complaint itself, we find this language: "He has procured this plaintiff to furnish to his ward the goods named in the bill of particulars," etc. That the record and all the facts show that appellant was seeking to hold appellee personally liable, and that he did recover a personal judgment against him, there seems to be no doubt. But, aside from this, the record shows that the trial court reached a correct result in overruling appellant's exception to the final report.

The motion for a new trial was based upon the grounds that the finding was contrary to the law and the evidence, and not sustained by sufficient evidence. The amount claimed by appellant in his complaint was $224.19, and embraced his entire account. His itemized bill of particulars filed with the complaint aggregates $227.04. The record shows that appellee paid appellant on account of goods, etc., furnished his ward, $226.93, for which appellant gave his several receipts. The first item of the account is dated October 16, 1893, and the last one March 9, 1896; the first receipt was given by appellant October 16, 1893, and the last one, October 18, 1896. It is thus shown that the last receipt was given about seven months after the last item was furnished. True, the last receipt does not show a payment in full, but the several amounts paid,

as shown by the receipts, aggregate $226.93, being $1.74 more than he charges in his complaint as being due, and only eleven cents less than the aggregate amount of his itemized bill of particulars. So it appears upon the face of the record that appellant has been paid in full, or at least within eleven cents of the highest amount he claims. Concede that there is a discrepancy of eleven cents against appellant, we could not reverse the judgment for such a trifle. So it seems to us that whether we regard the judgment recovered against appellee a personal judgment (which we do) or a claim against the estate of his ward, in either event, appellant has been paid in full, and therefore has no ground to complain of the action of the court in overruling his exceptions to the final report.

Judgment affirmed.