No. 9611.

THE CITY OF CONNERSVILLE *v.* THE CONNERSVILLE HYDRAULIC COMPANY.

PLEADING.—*City Warrant.*—*Taxes.*—*Demurrer.*—Where, in an action upon a city order by the holder, the city answers, by way of set-off, that he is indebted to the city for taxes in a certain sum, but fails to allege any facts showing his or his property's liability to taxation, or the city's authority to levy and collect taxes, such answer is insufficient on demurrer.

SAME.—*Contract.*—*Consideration.*—A city order on its treasurer for the payment of money is a contract; and, in an action thereon by the holder, a plea of want of consideration is good.

SAME.—*Uncertainty.*—*Demurrer.*—*Practice.*—Uncertainty, as a rule, is not a cause for demurrer, but where the pleading is so vague as not to state a cause of action or ground of defence, a demurrer will lie.

The City of Connersville *v.* The Connersville Hydraulic Company.

SAME.—*Joint Demurrer.*—A demurrer addressed to several paragraphs jointly of a pleading must be overruled, if any one of the paragraphs is sufficient.

From the Fayette Circuit Court.

*R. Conner, W. C. Forrey* and *R. A. Duman,* for appellant. *B. F. Claypool, J. H. Claypool* and *L. W. Florea,* for appellee.

ELLIOTT, J.—Many of the questions presented by this record were. decided in the case, between the same parties, of *City of Connersville* v. *Connersville Hydraulic Co., ante,* p. 184, but there are some questions which were not considered in the former case.

The complaint of the appellee is founded upon a warrant signed by the mayor and clerk and issued by order of the common council of the city of Connersville, and, among the answers of the city, is one claiming a set-off for taxes. This answer is bad for uncertainty, or, more accurately speaking, because it states mere conclusions and not facts. It alleges that the appellee is indebted to the appellant for taxes, in the sum of $1,000, but does not state by whom or for what purpose the taxes were levied ; nor does it state on what property they were assessed, or when assessed. The general conclusion stated is wholly unsupported by facts. In a case such as this, where the claim rests upon a mere naked statutory power, there should be some facts stated showing the liability of the party or his property to taxation, the authority to levy the taxes, and the right to enforce their collection.

Uncertainty is not, as a general rule, cause of demurrer ; but there are cases where the pleading is so vague as not to state a cause of action or ground of defence, and, in such cases, a demurrer will lie. *Lewis* v. *Edwards,* 44 Ind. 333 ; *Lane* v. *Miller,* 27 Ind. 534 ; *Snowden* v. *Wilas,* 19 Ind. 10. It has been held that where there is no specific statement of the claim in the body of the pleading, and a bill of particulars is necessary to apprise the adverse party of the nature of the claim

alleged against him, a bill of particulars must be filed, or the pleading will be bad on demurrer. *Wolf* v. *Schofield,* 38 Ind. 175. While the rule in favor of pleadings assailed by demurrer on the ground of uncertainty is a liberal one, it does not, by any means, go to the extent of dispensing with reasonable certainty. This the rule could not do without contravening the express provisions of the code and subverting settled principles of law.

The form of the appellee's demurrer to the fourth and fifth paragraphs of the answer is exactly like that adopted in *Silvers* v. *Junction R. R. Co.,* 43 Ind. 435, and, upon the authority of that case, must be deemed a joint demurrer to both paragraphs. The fourth paragraph of the answer is a plea of want of consideration, and is unquestionably good. An ordinary corporation warrant is a contract, and the plea of want of consideration is good in all cases between the original parties, where the cause of action is founded on a contract. It was, therefore, error to sustain the demurrer to either the fourth or the fifth paragraph of the answer; for the rule has been long and firmly settled that a joint demurrer addressed to several paragraphs jointly of a pleading must be overruled if any one of the paragraphs is sufficient. *Jewett* v. *Honey Creek, etc., Co.,* 39 Ind. 245; *Washington Tp.* v. *Bonney,* 45 Ind. 77; 1 Works Prac. 345, authorities in note.

Judgment reversed.