Filed Nov. 10, 1893.

---◆---

No. 763.

## THE SECOND NATIONAL BANK OF SPRINGFIELD, OHIO, *v.* HART.

PLEADING.—*Answer, Inconsistent and Repugnant.—Demurrer.*—Where a paragraph of answer to a complaint on a promissory note, was that the note was given in part payment of a wheat-harvesting machine which was sold upon a written warranty, alleging a breach of such warranty, and that the plaintiff did not become the owner or holder of the note in suit until after maturity, "or if it did become such owner, it was only for the purpose of collecting the same * * or with the agreement and understanding * * that * * [said

assignor] would keep * * the plaintiff whole and harmless,"—the answer is so inconsistent and repugnant that it can not withstand a demurrer.

From the Daviess Circuit Court.

*W. H. DeWolf* and *G. G. Barton*, for appellant.
*J. H. O'Neall* and *M. G. O'Neall*, for appellee.

REINHARD, J.—Action by the appellant against the appellee on a note governed by the law merchant. The note had been executed by the appellee to Amos Whitely & Co., a corporation, and assigned to the appellant.

The appellee answered—first, the general denial, and second, special affirmative matter. ·

The overruling of a demurrer to the second paragraph of the answer is urged as error. This paragraph sets up that the note was given in part payment of a wheat harvesting and binding machine purchased by the appellee of Amos Whitely & Co.; that the machine was sold upon a written warranty, and that there was a breach of such warranty; that the appellant did not become the owner or holder of the note sued on until after maturity; "or, if it did become such owner, it was only for the purpose of collecting the same for said Amos Whitely & Co., or with the agreement and understanding with said Amos Whitely & Co. that said Amos Whitely & Co. would keep said bank, the plaintiff, whole and harmless."

The objection pointed out to the averment which we have quoted is that it is so inconsistent, indefinite, and illogical that it is not an averment of a fact or of facts. We are, after careful consideration, constrained to concur in this view. True, under the code, much liberality is indulged in the construction of pleadings. A demurrer will not be sustained for mere inconsistency, indefiniteness, or repugnancy, if some fact or facts are averred positively, and the indefiniteness, inconsistency, or re-

pugnancy is not such as to render the averment meaningless.

But, in the paragraph under consideration, there is an utter absence of the averment of a necessary fact left standing, when the entire statement is considered. If the allegation that the "plaintiff did not become the holder or owner of the note sued on until after maturity," stood by itself, and unaffected by the other statements, it might be sufficient. And so with the statements following it. But, as it is, the one statement following the other, coupled by the disjunctive *or*, the whole averment is rendered nugatory and meaningless. It is like averring that the plaintiff either did not purchase the note in good faith before its maturity or did not purchase it at all, but that it was transferred for collection only; or, if neither of these propositions be true, that it purchased the note with an understanding that Amos Whitely & Co. would keep the bank whole and harmless. Such statements are not averments of a fact or facts. It might as well be argued that an answer to a complaint upon a promissory note is sufficient which alleges that the note had either been paid or was executed without consideration, or that the defendant had never executed it at all. All of these allegations can not be true, and we are not informed in the pleading before us which of them is true. We are told that it is either the one thing or the other which is true. But the pleader should have alleged affirmatively the facts he intended to rely upon in defense of the action. We therefore regard the pleading so inconsistent and repugnant as to be obnoxious to the demurrer. Repugnancy is ordinarily not a ground for demurrer, when the second allegation is merely superfluous and redundant, and, in that case, the latter may be stricken out or disregarded, and will not vitiate the pleading. But it is otherwise where the pleading is

so inconsistent with itself as to destroy the meaning. The objection here goes to the substance, and not to the form merely.   Stephen on Pleading (Heard's 9th Am. ed.), 377; Gould's Pleading, section 173.

If a pleading is so uncertain or indefinite as not to state a good cause of action or defense, it will be subject to demurrer.   *Lewis, Guar.*, v. *Edwards*, 44 Ind. 333.

Besides the failure of consideration, or the breach of warranty relied upon as a defense, the appellee was bound to show by his plea that the appellant was not a *bona fide* holder of the note, for value, before maturity. Having failed to do this, his plea is bad for that reason.

Objections are urged, also, to that portion of this answer which attempts to set forth a breach of the warranty, but as the paragraph may be reformed in this respect, before another trial is had, we need not pass upon the objection.

The demurrer to the second paragraph of the answer should have been sustained.

Judgment reversed.

Filed Nov. 8, 1893.