## No. 1,262.

## THE SALEM STONE AND LIME COMPANY *v.* CHASTAIN.

PLEADING.—*Complaint, Sufficiency of.*—*Master and Servant.*—*Tort.*— *Co-Employe.*—*Vice-Principal.*—*Agent.*—Where the complaint in an action against a stone quarry company, by a servant of the company, for damages, alleged, in substance, after alleging the corporate existence of the defendant, and its operation of the quarry, that the plaintiff was employed by defendant as a scabbler in its quarry; that defendant also had in its employ, as manager and foreman at said quarry, its agent and vice-principal, one A., who hired, discharged, superintended, and bossed the hands employed at the quarry, and was general overseer of their work; that while plaintiff was engaged in the line of his duty in breaking a stone, preparatory to scabbling the same, and while plaintiff was in such a position as not to be aware of any danger, defendant's said agent and vice-principal, the said A., in the line of his duty as such agent, took a drill, and without any warning or notice to plaintiff, and when plaintiff was in such a position that he could not see him, carelessly and negligently pried the broken part of said stone off, and it fell and struck a plank which caught plaintiff, and without any fault or negligence on plaintiff's part, plaintiff was thereby greatly injured, etc., all of which injuries were caused by, and were the direct result of, said accident, which was caused by the negligence and carelessness of defendant's said agent and vice-principal. *Held,* that the complaint can not withstand a demurrer for want of sufficient facts, it appearing from the complaint that the plaintiff was injured through the acts of his co-employe, while such employe was in the performance of a duty owing from him to the master. *Held,* also, that the allegation that such co-employe, in the performance of the act complained of, was acting *in the line of his duty as such agent,* adds no force to the other allegations of the complaint.

From the Washington Circuit Court.

*M. Z. Stannard,* for appellant.

*J. A. Zaring* and *M. B. Hottel,* for appellee.

Ross, J.—The appellee sued the appellant in the court below, and recovered damages in the sum of $2,500, for personal injuries received by him while in its employ as a scabbler in its stone quarry.

The complaint is in two paragraphs, to each of which a demurrer for want of facts was overruled, and exceptions saved.

These rulings of the court are assigned as error in this court.

The first paragraph of the complaint is as follows: "Plaintiff in the above entitled cause complains of defendant, and, for cause, says that defendant is now, and was, on the 11th day of February, 1891, a corporation, duly organized and doing business under the laws of the State of Indiana, and in and under said corporate name of The Salem Stone and Lime Company; that as such corporation, and in said corporate name, defendant owns and operates the stone quarry and the machinery and equipments therewith connected and attached, and is engaged in the business of quarrying and getting out stone and shipping the same to the different parts of the country, and in the manufacture and shipping of lime made from the same; that the defendant, on the 11th day of February, 1891, had in its employ, assisting them in the operation of their said quarry, the plaintiff, who was engaged as a scabbler in said quarry; that defendant, on said day, also had in its service its manager and foreman at its said quarry, its agent and vice-principal, one August Schultz, who hired, discharged, superintended, and bossed the hands employed at said quarry, and was general overseer of their work; that on said 11th day of February, 1891, this plaintiff was engaged in the line of his duty in scabbling a stone, and had to make a break in said stone before beginning to scabble the same; that he, with others, drilled holes in said stone preparatory to breaking the same, and plaintiff had got down off said stone to get the wedges and slips to break said stone; that while down, those engaged with plaintiff in said work broke the same off, and plaintiff,

in the line of his duty, laid a drill upon the said stone preparatory to prying off the broken part of said stone, and was preparing to get upon said stone to assist in the prying off said broken part, when defendant's said agent and vice-principal, the said Schultz, in the line of his duty as such agent, walked up and took the drill, and without any warning or notice to plaintiff, and when plaintiff was in a position that he could not see him, carelessly and negligently pried said broken part of said stone off, and it fell and struck a plank which caught plaintiff, and without any fault or negligence on his, plaintiff's, part, he was then and thereby thrown up into the air and over the ledge of stone upon which he was working, and fell between a stone and the ledge of stone upon which he was working, and was thereby bruised, mashed and mangled all over his body, head and limbs; his knee cap being bursted, his shoulder mashed and bruised, and his head mashed, and was bruised, mashed, and made sore in the breast and lungs, from all of which he lay in bed and suffered great pain and agony of body and mind for a period of about four months, and has been all the time since, and is now, wholly disabled, and can not perform manual labor of any kind, and is suffering from bleeding of the lungs, and can not properly use either arm; that all of said injuries were caused by, and the direct result of, said accident, which was caused by the carelessness and negligence of defendant's agent and vice-principal, as aforesaid; and plaintiff was wholly without fault or negligence on his part, and in nowise contributed to the same; that on account of said injuries plaintiff was damaged in the sum of $2,500, and on account of the same he expended and incurred an expense of $500 for nursing and medical and surgical attention, all to his damage in the sum of $2,500.''

In a recent and well considered case, the Supreme

Court, in passing upon the sufficiency of a paragraph of complaint very similar to the one under consideration, where it was alleged that the servant whose negligence in ordering the starting of the machinery caused the injury, was the defendant's agent and foreman, with full power and authority "to control the work of, and to employ and discharge the plaintiff from his employment, as well as other servants of said defendant," says: "The most that can be claimed for the allegations of the complaint before us, upon the question under immediate consideration, is, that Lawrence was the master's foreman as to the labors of Peterson and others of the master's employes. That a foreman may be, and that he is, ordinarily, but a fellow-servant, is very fully discussed in *Indiana Car Co.* v. *Parker*, 100 Ind. 181, where many of the cases on the subject are reviewed. In that case the distinction is clearly made between cases where the service of the foreman or other employe of superior rank involves the performance of some duty owing by the master to his servants, as in the supplying of proper machinery or safe places to work, and those cases where the duty violated is one, not of the master, but of one servant to another, engaged in one common employment. There, some of the cases cited by the appellee in this case are reviewed, and their application to a case not involving a duty of the master, is denied. So it may be said of all other cases cited by the appellee in this case. They involve authority from the master to the foreman to supply proper machinery and safe working places, duties clearly owing by the master, and which could not be so delegated as to absolve him from liability." *New Pittsburgh Coal and Coke Co.* v. *Peterson*, 136 Ind. 398, 35 N. E. Rep. 7.

Under the allegations of this paragraph, it is apparent that the appellee was injured through the acts of his co-employe, Schultz, while he was in the performance of a

duty owing from him to the master, and not while acting for the master in the performance of a duty owing from the master to his servants.

The allegation that Schultz, in performing the service complained of, was acting *in the line of his duty as such agent,* adds no force to the other allegations, and while considered separate and apart from such other allegations, might be construed as alleging the performance of a duty owing from the master to the servants; yet, taken in connection with the other allegations, it is evident that the work he was performing was not the master's, but the servant's.

The second paragraph contains, in addition to the material allegations of the first, an allegation that Schultz, appellant's foreman, "was careless, negligent, and reckless in the superintending and managing of said quarry, and was wholly and totally unfit and unqualified for the said position which he held under defendant; and that the defendant well knew this fact."

It is urged that this paragraph is good, for the reason that the above allegations relative to the unfitness of the foreman and appellant's knowledge thereof, make a case for employing and retaining in its service an incompetent and negligent foreman. Some force might be given counsel's argument if the facts alleged had shown that appellee was injured by reason of the violation of a duty owing from appellant to appellee, the performance of which had been delegated to the servant Schultz, but such is not the case alleged. Schultz is not alleged to have been a careless and incompetent servant, and unfit to do the work in which he was engaged, but is simply charged to have been a negligent and careless superintendent and foreman, and wholly and totally unfit and unqualified for that position. He may have been skilled as a workman, and careful in the performance of his duties as

such, and yet unfit and careless in the performance of the duties of the master.

Under the allegations of both paragraphs of the complaint, it is evident that the injury complained of was the result of the acts of appellee's fellow-servant, for which the appellant is not liable.

Judgment reversed, with instructions to sustain the demurrer to each paragraph of the complaint.

Filed March 15, 1894.