Filed March 27, 1896.

---

No. 1,835.

## LEMMON *v*. REED.

PLEADING.— *Complaint for Money Loaned.* — *Sufficiency.* — A complaint alleging that defendant is indebted to plaintiff in a specified amount for money loaned and advanced at the special instance and request of the former, and that he agreed to repay the same, that the same with interest is due and wholly unpaid, and that plaintiff demanded payment before suit, which was refused, is sufficient in the absence of a motion to make more specific.

SAME.—*Complaint.—Repugnancy.—Inconsistency.*—A complaint will not ordinarily be held bad for uncertainty and repugnancy, unless the inconsistency is such as to destroy the entire meaning.

SAME.—*Complaint for Money Loaned.* — *Sufficiency.* — A complaint alleging that plaintiff while county treasurer loaned and advanced to defendant, at his instance and request, a specified amount, upon the latter's promise to repay the same by a claim against the county for which he would obtain a county order at the meeting of the board of county commissioners, and that defendant had never repaid such amount or obtained any county order, is not bad as impliedly showing that the money advanced was paid from the county treasury.

ASSUMPSIT.—*Borrowed Money.*—One who borrows money under an

agreement to repay the same in a county order for the amount thereof may be required to pay the same in money, where he fails to deliver the order according to his agreement.

HARMLESS ERROR.—*Demurrer to Answer.*—Sustaining a demurrer to a paragraph of answer is not available error where the evidence in support thereof was admissible under the general denial.

SAME.—*Refusing Leave to File Motion.*—*Leave Subsequently Granted.* —Refusal to allow defendant to file a written motion requesting certain special findings of fact to be made, is not prejudicial error, where the court offered to allow him to file the same thereafter and he refused to do so.

EVIDENCE.—*Parol.*—*Explaining Written Receipt.*— Parol evidence is admissible to explain an instrument in the nature of a receipt.

From the Noble Circuit Court.

*T. M. Eells* and *H. G. Zimmerman,* for appellant.

*L. H. Wrigley,* for appellee.

REINHARD, J.—The appellant has assigned errors upon the ruling of the court in overruling the demurrer to the several paragraphs of the appellee's complaint.

The first paragraph alleges in substance that the defendant is indebted to the plaintiff in the sum of $826.25 for money loaned and advanced to defendant on the 19th day of June, 1894, at his special instance and request; that the defendant agreed to repay said sum of money to plaintiff; that the same with interest thereon is due and remains wholly unpaid; that prior to the commencement of this action plaintiff demanded of defendant payment for said amount which was refused.

This paragraph is sufficient. No bill of particulars, other than the statement contained in the pleading, that the debt was for money loaned to the appellant, was, in the absence of a motion to make more specific, necessary. *McCoy* v. *Oldham,* 1 Ind. App. 372.

The second paragraph is not materially different from the first and is also sufficient.

In the third paragraph it is averred that on the 19th day of June, 1894, plaintiff loaned and advanced to defendant, at the latter's request, the sum of $826.25, which sum the defendant promised to repay to plaintiff by delivering to him in payment thereof, a county order for the payment of $826.25, out of the treasury of Noble county, Indiana, drawn by the auditor of said county, upon the treasurer thereof; that on said day, and at all times since then, such order was worth $826.25; that defendant's said contract matured and that payment of said money in accordance with said agreement by the delivery of said county order, fell due long prior to the commencement of this action; that after said contract matured and said payment fell due, but before the commencement of this action, plaintiff demanded payment of the defendant of said sum of money, in accordance with said agreement, and demanded that said defendant deliver to plaintiff, in payment of said sum of money, a county order for said amount, out of the treasury of said county, and drawn by the auditor of said county upon the treasurer thereof, all of which was refused, whereby plaintiff was damaged $1,000.00, which, with interest thereon, is due and unpaid; that plaintiff has been at all times ready and willing to receive and accept such county order in payment of said sum of money, but that defendant has failed and refused to deliver the same in payment thereof.

It is urged that this paragraph is bad for uncertainty and repugnancy. Ordinarily a pleading will not be held bad for these reasons, unless the inconsistency is so as to destroy the entire meaning. *Second National Bank, etc.*, v. *Hart*, 8 Ind. App. 19.

The paragraph before us is not open to the objection

VOL. 14—42

named.   If the appellee loaned the appellant a sum of money which the parties agreed might be repaid in a county order for that sum, and the appellant has failed to deliver such county order as he agreed to do, we see no reason why he should not be required to repay said loan in money.   Nor is there anything peculiarly uncertain or contradictory about the statement of facts constituting such contract.   On the contrary, it impresses us as a plain and concise averment of such facts as render the appellant liable in damages, if they are true.

The fourth paragraph of complaint is substantially as follows:   The plaintiff avers that on the 19th day of June, 1894, defendant stated to plaintiff, who was then and still is the county treasurer of Noble county, Indiana, that said county of Noble was indebted to him, the defendant, in the sum of $826.25, for work and labor done by defendant for said county, under a contract with the board of commissioners thereof; that said work has been accepted by said board of commissioners; that the said board at its regular session in September, 1894, would make an allowance to defendant for said work, to be paid out of the treasury of said county, and that the defendant would then obtain a county order for the payment of said sum, drawn by the auditor of said county upon the treasurer thereof; that the defendant was in need of money for immediate use, and that if plaintiff would loan the defendant the sum of $826.25, he, the defendant, would repay the same to plaintiff in September, 1894; that on the said 19th day of June, 1894, plaintiff, at defendant's instance and request, loaned and advanced to defendant the sum of $826.25, which sum was had and received by defendant of and from the plaintiff on said day, and that the defendant

then executed to plaintiff for such money an instrument of writing as follows :

"ALBION, IND., June 19, 1894.

"Received of Thos. M. Reed eight hundred and twenty-six and twenty-five one-hundredths dollars, cash advanced on Pucker street sink hole, being the balance on said work, to be deducted from county order.

"$826.25.          (Sig.) ANTHONY E. LEMMON ;"

that at its September session, 1894, said board of commissioners made an allowance to defendant for said work in the sum of $135.00 and no more; that said board has never made to defendant any other or different allowance for said work, and said board claims and contends that the said sum of $135.00 is the full amount that was due defendant for said work, and that no other or greater sum of money was due defendant on June 19th, 1894, or afterward, for said work; that defendant has never drawn said $135.00 so allowed him, nor has any county order been obtained by him for the same ; that defendant has never instituted any suit or proceeding to recover said sum claimed by him or any part thereof, nor has he ever procured or obtained any county order for the same or any part thereof ; that defendant has never repaid to plaintiff any part of said $826.25 so loaned and advanced him by plaintiff ; and that the same with interest thereon, is due and wholly unpaid; that after the September session, 1894, of said board of commissioners, and after said money became due, but before the commencement of this action, plaintiff demanded of defendant payment of said sum of money, and defendant then promised to pay the same, and to execute to plaintiff a note therefor, but afterwards refused to execute the same ; that afterwards, but before this action was commenced, the

plaintiff demanded of defendant the payment of said money, but that defendant has failed and refused to pay the same; that a county order for the payment of $826.25, on the county treasury of Noble county, would be worth the full face value of $826.25; that by reason of the foregoing facts, the plaintiff has been damaged in the sum of $826.25, for which amount, with interest thereon, he demands judgment.

The objection to this paragraph that it impliedly shows that the money advanced was paid by Reed out of the county treasury, upon a contract between the appellant and the county commissioners, is not well taken. The theory of this paragraph clearly is that the appellee made a sort of equitable assignment of his interest in a claim against the county to secure the appellee in the payment of a loan of money made by him to appellant; that appellant has failed to realize the amount of said claim and to turn over any county order upon the same, and has also failed to repay the money. This being admitted by the demurrer, it would be highly unjust to deny the appellee the right of recovering his money on the facts stated being proved. Nor does it make any material difference, we think, whether the claim was justly due the appellant from the county or not. The appellee did not, according to the averments of this pleading, undertake to litigate the claim with the county, for the legal title to the same had not been transferred to appellee. There was no error in overruling the demurrer to the paragraph.

A demurrer was sustained to the second paragraph of appellant's answer, and this ruling is assigned as error. We have examined this paragraph, and think that whatever defense it sets up was available to the appellant under the general denial.

Lemmon v. Reed.

Error is predicated upon the overruling of the motion for a new trial.

It is insisted in this connection that the finding is not sustained by sufficient evidence. We cannot agree with appellant's contention in the construction of the written instrument. The suit was not a declaration on this instrument solely. The latter is in the nature of a receipt and subject to oral explanations. The contract, being partly in writing and partly in parol, must be treated as a parol contract.

There was evidence to support the finding on every proposition.

There was no prejudicial error in the ruling refusing to allow the appellant to file a written motion requesting the court to make certain special findings of facts. The record shows that the court "offered to allow the defendant to file the same thereafter, which defendant refused to do."

We do not see how appellant could have been harmed by this error, if error it was. The court certainly had it in its power to change or modify the special findings before final judgment, and if the appellant could avail himself of the privilege of filing his request at any time after it was refused, and receive the benefit thereof, the error, if any, became harmless.

We think the court arrived at the justice of the case in its result, and that nothing has been shown which entitles appellant to a reversal.

Judgment affirmed.

Filed March 31, 1896.