THE STANDARD CEMENT COMPANY *v.* MINOR, ADMINIS-
TRATRIX.

[No. 3,857. Filed October 25, 1901.]

MASTER AND SERVANT.—*Action for Death of Employe.—Pleading.—*
A complaint against a cement company for the death of an employe
charged that among the duties of deceased was the firing of explo-

sives used in blasting at defendant's quarries; that defendant was rushing the work to the extent that it endangered the lives of its employes; that decedent was ordered by his superior to enter a tunnel without having waited a sufficient length of time after the lighting of the fuse, and as a result of the lingering of a defective fuse, and its subsequent explosion of a blast, decedent lost his life; that decedent had only been performing that kind of work since his employment by defendant, and had no knowledge of the length of time required for the explosion of such blasts. *Held*, that the complaint pleaded conclusions instead of facts, and was insufficient as against demurrer.

From Clark Circuit Court; *C. W. Cook*, Special Judge.

Action by Maggie Minor as administratrix against the Standard Cement Company for the death of Wesley Minor. From a judgment for plaintiff, defendant appeals. *Reversed.*

*M. Z. Stannard* and *E. C. Hughes,* for appellant.
*G. H. Voigt* and *H. L. Means,* for appellee.

COMSTOCK, J.—This action was transferred from the Supreme Court and was brought to recover $10,000 damages for the death of Wesley Minor while in appellant's employ. The complaint proceeded upon the theory that the decedent while in the employ of appellant entered a tunnel in a cement quarry after a number of blasts had been lighted and before certain of them had exploded; that one of the blasts after being lighted had not exploded until beyond the usual time for exploding, and after decedent had entered the tunnel, causing his death. A trial resulted in a general verdict for $5,000 in favor of appellee. There was no attempt by the pleadings or proof to show a violation of the provisions of the employer's liability act. Among the errors assigned are that the court erred in overruling appellant's motion to make the complaint more specific, and overruling its demurrer to the complaint. Eliminating all averments relating only to the appellee's appointment, the recital of heirship, and appellant's corporate existence, the complaint is as follows: "That the business of the said defendant is the

making or manufacturing of cement, and that such business is conducted or carried on at its mill near Charlestown, Clark county, Indiana; that on the 16th day of April, 1897, the said Wesley Minor was in the employ of this defendant for hire and reward, and among the duties of said Wesley Minor was the firing of dynamite cartridges or explosives used in blasting, at defendant's quarries near said mill; that it was the duty of this defendant to furnish suitable apparatus for firing these cartridges or explosives, and such as would insure the safety of its employes. That on the date above named there were a large number of unfilled orders in the hands of the defendant; that this defendant or its agents were rushing the work to that extent that it endangered the lives of its employes, and that the Standard Cement Company, or its agents, by reason of such rushing, negligently caused the said Wesley Minor, who was ordered by Dick Cummins, his superior in authority and boss of decedent, Wesley Minor, and going under the title of superintendent of the Standard Cement Company, without fault on the decedent's part, to enter a tunnel, or excavation in the ground at said quarries, without having waited a sufficient length of time after the lighting of the fuse or firing of the blasts; that the decedent was not familiar with this method of blasting; that he had only been performing that kind of work since his employment in defendant's mill, and that the said defendant nor its agents instructed the said Wesley Minor as to the danger incident to the firing of such blasts in the manner mentioned, and that the decedent had no knowledge of the length of time required for the exploding of such blasts. That it had been the custom heretofore to fire such blasts with a battery; that the defendant having failed to provide the necessary caps, ordered and instructed the decedent, and some of its agents, to fire the blasts by hand, and in a negligent and careless manner, and as a result of such firing, caused the death of the decedent. That the said apparatus

used to fire said blast was insufficient by reason of a defective fuse, which failed to go off or explode a blast at the time of the explosion of the other fuse, and that by reason of the lingering of such fuse, and without fault upon the part of the decedent, the said insufficient fuse, furnished by this defendant, did linger and fail to explode at the time, or near about the time, of the explosion of the other blasts touched at or about the same time, and as the result of the lingering of such defective fuse, negligently furnished, and its subsequent explosion of said blast, decedent lost his life. That by reason of the negligence of this defendant, as above specified, and while said decedent was in said tunnel as aforesaid, said fuse exploded said blast, and pieces of stone were thrown out by such explosion, some of which struck the decedent, Wesley Minor, without fault upon his part, and he was so bruised, maimed, and injured by the explosion as aforesaid negligently caused by this defendant, that as a result thereof he died."

Appellant filed a motion to make the complaint more specific. The motion should have been sustained. Appellant was entitled to have the acts, not conclusions, of negligence with which it was charged, and in what way the alleged acts caused decedent's injuries, distinctly stated. Appellant's demurrer was upon the ground that it did not state facts sufficient to constitute a cause of action.

It is alleged that the apparatus used to fire the blast was insufficient by reason of a defective fuse which failed to explode promptly; but it is not alleged that appellee's decedent was without knowledge of the defective fuse, or in what the defect consisted; while it is alleged that the insufficient fuse lingered and failed to explode at the time of the explosion of the other blasts, it is not alleged that the decedent did not know that the blast was lingering, nor does it state facts showing in what manner the said lingering caused decedent's death.

The allegations that "the defendant or its agents were

rushing the work to the extent that it endangered the lives of its employes," and that it negligently caused the decedent to enter the tunnel, is the statement of a conclusion, and not a fact. The allegation that the defendant had only been performing that kind of work since his employment in defendant's mill did not state the length of time he had been in such employment, from which his experience or inexperience might have appeared. The averment that he entered the tunnel under the order of Dick Cummins, his superior in authority and boss, and going under title of superintendent, amounts only to an averment that the negligence charged was the act of decedent's boss and co-employe, while decedent was in the regular line of his employment. It does not aver that appellant had not exercised ordinary care in the appointment of Cummins, or that it had not released him from its employment after it had due notice that he was negligent in the discharge of his duties. It does not appear from the complaint that the decedent was transferred from a line of work different from that which he undertook when he entered the employment of the company, and in which he had been during his employment engaged. They do not therefore bring the case within the cases which hold that an action may be maintained for injuries received by the servant while engaged in work to which he was transferred. See, *Brazil, etc., Co. v. Cain,* 98 Ind. 282; *Capper v. Louisville, etc., R. Co.* 103 Ind. 305; *New Pittsburgh, etc., Co. v. Peterson,* 136 Ind. 398, 43 Am. St. 327; *Robertson v. Chicago, etc., R. Co.* 146 Ind. 486; *Kerner v. Baltimore, etc., R. Co.,* 149 Ind. 21; *Salem Stone, etc., Co. v. Chastain,* 9 Ind. App. 453; *Louisville, etc. R. Co. v. Isom,* 10 Ind. App. 691; *American Tel. Co. v. Bower,* 20 Ind. App. 32; *Ell v. Northern Pac. R. Co.* 1 N. D. 336, 48 N. W. 222, 12 L. R. A. 97, 26 Am. St. 621; *Cullen v. Norton,* 126 N. Y. 1, 26 N. E. 905; *Perry v. Rogers,* 157 N. Y. 251, 51 N. E. 1021. The court erred in overruling the demurrer.

The complaint being insufficient, it is not necessary to consider other alleged errors.

Judgment reversed, with instructions to sustain the demurrer to the complaint.