## THE CITY OF LOGANSPORT v. KIHM.

[No. 19,840. Filed June 19, 1902.]

PLEADING.—*Personal Injuries.*—*Cities.*—*Defect in Street.*—A complaint in an action against a city for personal·injuries sustained by plaintiff while riding a bicycle because of a defect in an improved street, described as a hole four inches in depth, two feet in width, and three feet long, which alleges that while plaintiff was riding her bicycle she approached said street so out of repair and by reason of said street being out of repair, defective, and unsafe, she was thrown from her bicycle and injured, is insufficient as against a demurrer, where it was not alleged that the wheel came in contact with the defect, or how or in what manner the accident was caused by the defect. *pp. 68–71.*

SAME.—*Personal Injuries.*— *Cities.* — *Defect in Street.* —A complaint against a city for injuries to plaintiff while riding a bicycle on a street, which alleges that the street was dangerous to persons riding bicycles, because of its steep slope or grade from its middle line to the curbing is insufficient against demurrer, where it does not appear that the bicycle slipped or became unmanageable in consequence of the abruptness of the slope, or that the nature of the grade of the street caused or contributed to the accident. *pp. 71, 72.*

From White Circuit Court; *T. F. Palmer,* Judge.

Action by Katie Kihm against the city of Logansport for damages for personal injuries. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*F. M. Kistler, S. T. McConnell* and *A. J. Jenkins,* for appellant.

*F. W. Funk, E. B. Sellers* and *W. E. Uhl,* for appellee.

DOWLING, C. J.—The appellee recovered a judgment against the appellant for damages for an injury by a fall from a bicycle, alleged to have been occasioned by a defect in an improved street in the city of Logansport, in this State. The sufficiency of each of the two paragraphs of the complaint was questioned by demurrers for want of facts. The ground of objection to the

City of Logansport *v.* Kihm.

first paragraph is that it is not shown by proper averment that the injury was caused by the defect in the street, and to the second that it fails to state wherein the grade of the street on which the accident occurred was improper. The point made against the first paragraph seems to be well taken. It is averred that the street was paved with brick, and that the appellant had negligently suffered it to get out of repair and to become worn by travel and sunken at a certain point so that a hole had formed four inches in depth, two feet in width, and three feet long, three sides of such hole sloping outward, and the east end thereof being nearly perpendicular. It is then alleged "That, while she [appellee] was riding her bicycle, as aforesaid, upon said street, *she approached the said street, so out of repair as aforesaid, from* the west end, traveling toward the east, using care and caution, and having full control of her wheel while so doing, and traveling at a reasonable rate of speed; that while so traveling as aforesaid, using care and caution, and having no knowledge of the defect in said street, as aforesaid, and not seeing the same, and, on account of the character of the defect, it was such that it could not be seen in time to avoid her injury hereinafter set out, she, riding her wheel as aforesaid, struck said defective, unsafe, and out-of-repair street, and, by reason of said street being out of repair, as aforesaid, defective, and unsafe, she was thrown violently from her bicycle upon the brick pavement of said street, etc." It does not appear that the appellee "struck" the street at or near the defective part thereof, nor that her bicycle struck the dangerous cavity, nor that it ran into or across the hole, nor that the hole in the street had any connection whatever with the accident. The appellee "struck" the defective street when she entered it, as she alleges, at some point near its west end; but it is not shown where she came upon it, nor how far from the hole described in the pleading. The street may have been half a mile, or a mile, or more, in length. The averment "that, by reason of the street being

out of repair, she was thrown from her bicycle" leaves the cause of the accident entirely to conjecture. Was she attempting to guide her bicycle around the obstruction? Or did she stop it suddenly to avoid running into it? Did she ride into the defective place in the street, and did the fall or obstruction cause the bicycle to turn over? Or did she attempt to leap from the wheel when she found she could not steer it around the dangerous spot? None of these questions is answered by the first paragraph of the complaint. While the paragraph describes a specific defect in the street, and alleges that the accident occurred by reason of that defect, it wholly fails to show that the defect in the street was the proximate cause of the accident and injury, or how or in what manner the accident was occasioned by it.

It is said in *City of Connersville* v. *Connersville, etc., Co.*, 86 Ind. 235, 236, that "Uncertainty is not, as a general rule, cause of demurrer; but there are cases where the pleading is so vague as not to state a cause of action or ground of defense, and, in such cases, a demurrer will lie. *Lewis* v. *Edwards*, 44 Ind. 333; *Lane* v. *Miller*, 27 Ind. 534; *Snowden* v. *Wilas*, 19 Ind. 10, 81 Am. Dec. 370. * * * While the rule in favor of pleadings assailed by demurrer on the ground of uncertainty is a liberal one, it does not, by any means, go to the extent of dispensing with reasonable certainty. This the rule could not do without contravening the express provisions of the code and subverting settled principles of law."

The rule at common law is thus stated in 1 Chitty, Pleading (7th Eng. ed.), 256: "The principal rule, as to the mode of stating the facts, is, that they must be set forth with *certainty;* by which term is signified a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and the court who are to give judgment." This rule has been subsequently in-

corporated in the civil code of this State. §341 Burns 1901, §338 R. S. 1881.

The case of *Corporation of Bluffton* v. *Mathews,* 92 Ind. 213, states the rule thus: "To render the appellant liable it was necessary to show in the complaint, by the averment of issuable facts, a wrong on the part of the appellant and damage to the appellee, and that the wrong was the proximate cause of the damage. The complaint did not show that when the appellee was injured the appellant was chargeable with fault, or that her injury was caused by the appellant's wrongful act or omission."

In *Pittsburgh, etc., R. Co.* v. *Conn,* 104 Ind. 64, 68, it is said: "It is not enough, in such a case as this, to charge the defendant with negligent acts, whether of commission or omission; but it must also be shown, with reasonable certainty, that such acts were the direct or proximate cause of the accident or injury, or the complaint must be held bad on demurrer for the want of sufficient facts." See, also, *Pennsylvania Co.* v. *Hensil,* 70 Ind. 569, 36 Am. Rep. 188; *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322; *Enochs* v. *Pittsburgh, etc., R. Co.,* 145 Ind. 635; 16 Am. & Eng. Ency. Law, 428, 431; 14 Ency. Pl. & Pr., 336.

The allegation "that by reason of said street being out of repair as aforesaid, defective, and unsafe, she was thrown violently from her bicycle," is a conclusion of the pleader. The facts stated do not justify the inference made from them. *City of Logansport* v. *La Rose,* 99 Ind. 117, 128; *Jackson School Tp.* v. *Farlow,* 75 Ind. 118, 120; *Boyd* v. *Olvey,* 82 Ind. 294, 296, 297; *Krug* v. *Davis,* 85 Ind. 309, 311.

The second paragraph of the complaint contains all of the averments of the first, with the further allegation that the grade of the street from its crown to the curbing on each side was so steep and great as to be dangerous to persons riding bicycles, and that it had been in this state for a considerable time, as the appellant and its officers knew, but

that the appellee was ignorant of its condition. The fact that the street was dangerous to persons riding bicycles, because of its steep slope or grade from its middle line to the curbing, is probably averred with sufficient certainty; but it does not appear that the bicycle slipped or became unmanageable in consequence of the abruptness of the slope, or that the nature of the grade of the street caused or contributed to the accident. This paragraph in its description of the accident is quite as indefinite as the first. In almost the same words it alleges that the appellee "struck the defective * * * street" somewhere west of the hole, "and by reason of the said dangerous and unsafe grade of said street, and being out of repair, as aforesaid, she was thrown violently from her bicycle," etc. The fault of this paragraph like that of the first is not mere uncertainty. It fails to connect the alleged negligence of the appellant with the injury sustained by the appellee. Such connection between the condition of the street and the accident to the appellee not being shown, the paragraph does not state a cause of action against the appellant.

Other errors are assigned and discussed, but it is not necessary to consider them.

Judgment reversed, with instructions to the court to sustain the demurrer to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.