## FT. WAYNE GAS CO. *v.* NIEMAN.

[No. 4,748.   Filed May 18, 1904.]

MASTER AND SERVANT.—*Employers' Liability Act.—Complaint Must Show Defendant is a Corporation.*—A complaint for personal injuries, under ?7083 Burns 1901, is bad for failure to show that defendant is a railroad or a corporation.   *p. 181.*

SAME.—*Corporations.— When Specific Averment of Corporate Existence Unnecessary.—Employers' Liability Act.*—Where defendant in an action by a servant for personal injuries was sued as the Ft. Wayne Gas Company, the name imports that it was a corporation, and it was not necessary specifically to aver that it was a corporation.   *p. 181.*

SAME.—*Personal Injuries.—Employers' Liability Act.— Complaint.*—A complaint by a servant for personal injuries, under the second clause of

§7083 Burns 1901, is bad for failing to allege that the foreman had any authority to give orders and that plaintiff was bound to conform and did conform to the orders when injured.  *pp. 181, 182.*

MASTER AND SERVANT.—*Personal Injury.— Complaint.*—A complaint by a servant against the master for injuries sustained while repairing a gas main, based upon the negligence of the defendant's foreman in failing to warn plaintiff of the approach of a tram-car of a company that was constructing a sewer in the street, is bad, as a common law action, for failure to allege that it was a part of the foreman's duty to warn plaintiff of the approach of the car, or that if the foreman had given the warning as soon as he saw the car that plaintiff could have escaped the injury. *pp. 182–184.*

From Huntington Circuit Court; *O. W. Whitelock*, Special Judge.

Action by John Nieman against the Ft. Wayne Gas Company.  From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Allen Zollars* and *F. E. Zollars*, for appellant.
*Henry Colerick*, for appellee.

ROBINSON, J.—Suit for personal injuries.  It is first argued that the demurrer should have been sustained to the third paragraph of complaint.  This paragraph of complaint avers that appellant, on June 25, 1901, was engaged in the manufacture and sale of gas, and had a system of pipes in the streets, with a main pipe about two and a half feet underground in Superior street, from which service-pipes ran to the houses of the consumers; that a contractor was constructing a sewer parallel with this main pipe along Superior street at a depth of about twenty feet, over which sewer was built a tramway upon which was run a tram-car, operated by a cable; that in making the sewer excavation a service gas-pipe became disconnected from the main pipe, to repair which appellant sent a number of men, including appellee, who was, and had been for many years, a laborer and employe in appellant's service; that the employes removed the earth from the service-pipe up to the main pipe, and were about to repair the break, "when Samuel Gordon, the foreman of said defendant, arrived, and took charge

and direction of the manner of making said repairs;" that the foreman directed appellee with another workman to take a fourteen-foot plank, which he pointed out to them, and with the same to make a brace or lever by placing the lower end under a piece of heavy timber in the sewer, and directed and ordered them to extend into the sewer one end of the plank, and press it upon the timber, and then bring it down to the disconnected service-pipe, which had been bent upwards, and then and there carelessly and negligently directed them to pull down upon the plank so as to press the service-pipe into position; that to do so it was necessary for appellee and his co-laborer to take hold of the upper end of the plank, with their faces to the west, and to pull down, which orders and directions they then complied with, "said plaintiff knowing at the time that the tram-car had been running upon said tramway," but, having been directed by the foreman to take the position and make the repairs as alleged, "he relied upon the fact, as fact it was, that said foreman, standing as he then was, about four feet to the south of said sewer upon the surface, and having a full view of the tram-car, that he, said foreman, would then and there with such opportunities warn said plaintiff of any danger from any approaching car on said tramway;" that while pulling down on the plank as directed, with his face westward, the upper end of the plank extending upwards six or seven feet, without his knowledge, and he not knowing, and by reason of the presence of the foreman not believing, any car was approaching, a car approached rapidly from the east and struck the plank, throwing appellee into the sewer and injuring him; that the foreman, by the exercise of ordinary care, could have seen the approaching car in time to have warned appellee of any danger, but, having such opportunity to warn appellee, carelessly and negligently failed so to do, and without any warning the car struck the plank.

The language of this paragraph suggests that it was

intended to be brought under the employers' liability act. It is argued that this paragraph of complaint is bad for failure to aver that appellant is a corporation. The employers' liability act (§7083 Burns 1901) has application, aside from railroads, only where the party charged with negligence is a corporation. That act applies to "every railroad or other corporation, except municipal. * * * Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform." The statute makes no distinction as to the business in which the "corporation" is engaged, and it is assumed in the case at bar (see *Hodges* v. *Standard Wheel Co.,* 152 Ind. 680; *Pittsburgh, etc., R. Co.* v. *Montgomery,* 152 Ind. 1, 71 Am. St. 300) that the legislature may impose a liability where the business is conducted by a corporation, and impose none where the same business is not so conducted. But it is manifest there is no liability under the statute unless the offending party is a railroad or other corporation; that is, in this case, unless the offending party is a corporation. The act gives no right of action to the employe of a firm or an individual.

In the third paragraph of complaint the appellant is sued as the Ft. Wayne Gas Company. While appellant would not be liable under the statute unless at the time of the alleged injury it was a corporation, yet we see no sufficient reason for not applying the rule that "the name of the defendant imports that it is a corporation, and it was, therefore, not necessary to specifically aver that it was a corporation." *Adams Express Co.* v. *Harris,* 120 Ind. 73, 7 L. R. A. 214, 16 Am. St. 315; *Indianapolis Sun Co.* v. *Horrell,* 53 Ind. 527.

Conceding it is sufficiently shown that Gordon was a foreman, there is no averment that he had any authority to give orders, nor is it shown that to his orders appellee at

the time was bound to conform. Designating Gordon as a foreman may show that he stood toward appellee in the relation of superior in the employ of the company, but it does not necessarily show that he had authority to order appellee to do anything. There is nothing in the pleading, aside from the fact that Gordon was foreman, to show what his authority was, or that any authority had been conferred on him by appellant. The rule is settled in this State that a foreman, "except where the master's duties are delegated to him," is a fellow servant. See *Capper* v. *Louisville, etc., R. Co.,* 103 Ind. 305; *Peirce* v. *Oliver,* 18 Ind. App. 87; *Ross* v. *Union Cement, etc., Co.,* 25 Ind. App. 463; *Standard Cement Co.* v. *Minor,* 27 Ind. App. 479; *American Tel., etc., Co.* v. *Bower,* 20 Ind. App. 32; *Pittsburgh, etc., R. Co.* v. *Adams,* 105 Ind. 151. The fact that Gordon took charge and direction of the manner of making the repairs, and gave orders to the men as to the manner of doing the work, does not supply the place of an averment that he had authority to do so.

Nor can the pleading be construed as averring facts which show that appellee, when injured, was conforming to any order to which he was bound to conform. In *Louisville, etc., R. Co.* v. *Wagner,* 153 Ind. 420, in construing this section the court said: "The test here is threefold: (1) Was the offending servant clothed by the employer with authority to give orders to the injured servant that the latter was bound to obey? (2) Did the injury result to the latter from the negligence of the former while conforming to an order of the former that the injured servant was, at the time, bound to obey? (3) Was the injured party at the time of the injury in the exercise of due care and diligence? If these three things concur, appellee exhibits a good cause of action." In *Hodges* v. *Standard Wheel Co.,* 152 Ind. 680, 691, the court said: "Appellant certainly could not maintain this action, under the provisions of the act in question, by simply showing that at the time he sus-

tained the injury he was engaged in removing the lumber in obedience to the directions of Huey, to whose negligence he attributes his injuries; but he would at least be required to go further, and show that such negligent party was a person in the service of appellee to whose order or direction, under the particular circumstances of the case, he, as an employe of appellee, was 'bound to conform, and did conform.' " Under these authorities, these elements of appellee's case are essential elements, and as such should be averred in the complaint. See *Postal Tel. Cable Co.* v. *Hulsey,* 115 Ala. 193. This paragraph of complaint does not state a cause of action under the employers' liability act. See *Muncie Pulp Co.* v. *Davis,* 162 Ind. 558.

Nor is this paragraph sufficient as a common law action. The only negligence attempted to be charged is the negligence of Gordon. The negligent act of Gordon charged was his failure to warn appellee of the approach of the car. The theory of the pleading is that Gordon was negligent in not watching for the car and warning appellee. The averment is "that said foreman, by the exercise of ordinary care, could have seen and would have seen said approaching car in ample time to have warned this plaintiff of any danger or approaching danger, but that said foreman, although having the opportunities and ability, from his position, could clearly see said approaching car, and so to warn said plaintiff, carelessly and negligently failed to do so, and without any warning said car, or a portion or attachment thereto, struck said plank as aforesaid." But no attempt is made to charge that the foreman could have given the warning in time for appellee to avoid injury, or that, if the foreman had watched for the car, and had given warning as soon as he saw it or could have seen it, that appellee could or would have escaped injury. It is not averred that it was a part of the foreman's duty to warn appellee of the approach of the car. But there are no averments in the complaint to show that his failure to do so was other than

his own negligence. If the foreman had had control of the movements of the tram-car, and had caused it to be moved without giving any warning, other necessary elements existing, a different case would be presented from that shown by the pleading. See *Gould Steel Co.* v. *Richards,* 30 Ind. App. 348. In the case at bar there is no averment that appellee could have avoided the car's striking the plank and thus avoided the injury, if the warning had been given, nor is there any averment that the injury was caused through the omission of appellant to give any warning. The demurrer to the third paragraph of complaint should have been sustained.

Judgment reversed.