## INDIANA ROLLING-MILL COMPANY *v.* LIVEZEY.

[No. 6,924. Filed April 6, 1911.]

1. MASTER AND SERVANT.—*Defective Machinery.—Custom of Operation.—Complaint.*—A paragraph of complaint alleging that the defendant manufacturing company negligently failed properly to equip with brakes a car with which plaintiff was working,

Indiana Rolling-Mill Co. *v.* Livezey—47 Ind. App. 396.

that by invariable custom, a signal was given when a car was started down the incline, that by reason of defendant's failure so to equip its cars one suddenly ran down the incline and injured the plaintiff, is bad, since such custom did not obtain in case of the accidental running of the car. p. 401.

2. MASTER AND SERVANT.—*Defective Machinery.—Custom of Operation.—Complaint.*—A paragraph of complaint alleging that defendant manufacturing company negligently failed to equip with brakes the cars which the plaintiff was using, that, by custom signals were given when a car was started down the incline, and that because of a failure to give a signal the plaintiff was run over by a car, is not sufficient on the theory that a failure to equip the car with brakes was a proximate cause of the injury, since there is no showing that any one could have exercised any control over the car after it started. p. 402.

3. PLEADING. — *Complaint. —Paragraphs.—Inconsistencies.*—Inconsistent theories of a cause of action should not be alleged in a single paragraph of complaint, but may be alleged in different paragraphs. p. 402.

4. MASTER AND SERVANT.—*Defective Machinery.—Assumption of Risk.—Complaint.*—A complaint by a servant alleging that defendant manufacturing company negligently failed to equip its cars with brakes and that by reason thereof one of them ran down an incline and injured the plaintiff is bad, there being no allegation of plaintiff's ignorance of such defect. p. 403.

5. NEGLIGENCE.— *Elements.— Complaint.*— A complaint for negligence must show a wrong by defendant to the plaintiff, to plaintiff's damage, and that the wrong was the proximate cause of such damage. p. 403.

6. MASTER AND SERVANT.—*Failure to Warn.—Proximate Cause.—Complaint.*—A complaint alleging that the "defendant negligently * * * permitted one of its cars to run down * * * on the track used as aforesaid * * * without giving any warning whatever, and said car ran over * * * plaintiff," does not show that the failure to warn was the proximate cause of the injury, and is insufficient. p. 404.

7. MASTER AND SERVANT.—*Failure to Warn.—Complaint.*—A complaint for injuries sustained because of defendant's failure to warn the plaintiff that a car was to be started down an incline, the injury being sustained thereby, should show that by reason of such failure the plaintiff went upon the track, or failed to avoid danger from the car. p. 405.

8. MASTER AND SERVANT.—*Injuries.—Line of Duty.—Complaint.*—A complaint against a master for personal injuries should show that the servant when injured was in the performance of his master's duty and in a proper place for the performance of such duty. p. 405.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by John F. Livezey against the Indiana Rolling Mill Company. From a judgment on a verdict for plaintiff for $2,000, defendant appeals. *Reversed.*

*Forkner & Forkner,* for appellant.
*E. W. Little* and *Fred C. Gause,* for appellee.

HOTTEL, J.—This was an action by appellee against appellant to recover for an injury to his person. The complaint was in two paragraphs, to each of which a demurrer was overruled. A general denial was filed, and upon issues thus formed there was a trial by jury and a general verdict for appellee, with which answers to interrogatories were returned. Judgment was rendered upon the verdict in favor of appellee, and from this judgment this appeal is prosecuted. Under the errors assigned, the ruling of the court on the demurrer to each paragraph of the complaint is here presented. The material allegations of the first paragraph of the complaint are, in substance, as follows: Plaintiff says he was employed by defendant to work in defendant's factory as a laborer, and that the rolling-mill and disc-mill are separated by a space of twenty feet; that cars run on a track, are used by defendant company for the purpose of conveying iron, steel and other material from the rolling-mill to the disc-mill; that the track is built from the rolling-mill to the disc-mill upon an incline; that said cars are run from the disc-mill back to the rolling-mill by reason of the grade or incline; that while plaintiff was employed by defendant in cleaning up around the shears of one of the machines used in the rolling-mill, defendant negligently and carelessly permitted one of its cars to run down from the disc-mill, on the track used as aforesaid, at a high rate of speed, and without giving any warning whatever, and said car ran against plaintiff; that heretofore defendant had always required a signal of warning to be given when cars were run from one factory to the other, but upon the occasion of

this injury no signal of warning was given to inform plaintiff that said cars were being run upon said track; that the cars used as aforesaid are composed of iron, are very heavy, and are operated upon a track composed of iron rails; and that said car that injured plaintiff was not equipped with brakes or any other appliances to fasten the wheels so as to prevent said car from starting down said incline, and that defendant, for many months prior to the accident herein complained of, was fully aware that said cars were without safety appliances or fastening on the wheels, to keep said cars from running down said incline, as aforesaid complained of.''

The second paragraph differs from the first in the negligence charged against defendant. The charging part of this paragraph is as follows: ''Plaintiff further says that on November 19, 1906, while employed by defendant cleaning up around the shears of the machines used in the rolling-mill and factory, defendant negligently, carelessly and wrongfully permitted one of its said cars to run down from the disc-mill, on the track used as aforesaid, without having it equipped with brakes or other safety appliances to keep it from starting down said incline at a high rate of speed, and without giving any signal of warning whatever, and that said car ran against, upon and over this plaintiff; * * * that defendant unlawfully, wrongfully, carelessly and negligently permitted the cars used as aforesaid to be run and operated in its said factory without providing them with brakes with which to lock the wheels, or with other safety appliances with which to prevent said cars from running down said incline as aforesaid; that the cars used as aforesaid are composed of iron, are very heavy, and are operated upon a track composed of iron rails, and that said car was not, at the time of the injury aforesaid, equipped with brakes or any other safety appliances to fasten the wheels of said car so as to prevent its starting down said incline, and that defendant was fully aware, and had been for many months

prior to the accident herein complained of, that said cars or trucks were without brakes or other safety appliances or fastenings to fasten the wheels to keep them from running down said incline, as aforesaid; that defendant wrongfully, carelessly, negligently and unlawfully permitted said car to run down said incline without brakes or other safety appliances to prevent said car from starting and running down said incline as aforesaid; * * * that said injury was solely caused by the carelessness, negligence and unlawful and wrongful acts of defendant.''

There are also in this paragraph practically the same allegations with reference to the notice of warning, and the failure to give such warning, that are in the first. It will be observed that appellee does not allege in either paragraph that he did not know that appellant's track was constructed on an incline from the rolling-mill to the disc-mill, and that the cars operated thereon were not equipped with brakes or other safety appliances, and on account of this omitted allegation appellant insists that each paragraph is insufficient. The law upon this proposition is well settled, but whether this case calls for the application of the principle contended for by appellant is more difficult of determination.

In the case of *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 270, the Supreme Court said: ''It has been settled, by a long line of decisions of this and the Appellate Court, that in an action wherein it is sought to recover damages for the injury or death of a servant by reason of or on account of the negligence of the master in failing to furnish a safe place or premises in which the servant was required to work, or safe machinery, appliances, or implements with which he was required to perform the duties of his employment, then in such a case the complainant must negative in his complaint knowledge on the part of the servant of the unsafe condition of such premises, machinery, appliances, or implements, in order to show that the injured

or deceased servant had not voluntarily assumed the danger complained of as one of the ordinary risks of the service or employment in which he was engaged.'' To the same effect are numerous other cases, many of which are cited in said case.

Counsel for appellee concede that the law is as heretofore quoted, but insist that appellant misconstrues the theory of the complaint, in that the negligence charged in each

1. paragraph is not the use of defective tools, machinery, appliances or unsafe premises, as appellant contends, but that the negligence charged consisted in the violation, by appellant, of an invariable custom, that required it to give a signal of warning when cars were run from the disc-mill to the rolling-mill, and that on the occasion when appellee received his injury appellant carelessly and negligently permitted a car to run from the disc-mill to the rolling-mill without giving any signal of warning; that the allegations of the complaint, showing negligence in the construction and maintenance of the track and cars, are matters of inducement only. We cannot agree with this contention of appellee. The allegations of the second paragraph of complaint are ambiguous and uncertain, if not repugnant. If the theory of this paragraph be as appellant insists, that the negligence averred is that appellant failed properly to equip the car in question with a brake or other appliance with which it could be made stationary upon the track, when not in use, and that on account of such failure of appellant so to equip said car it ran down the incline and injured plaintiff—then the failure to observe the custom to give warning of the approach of a car could have had nothing to do with appellee's injury, because, under the allegations of the pleading, such custom applied to the cars sent down the track in the usual course of operation, and not to a car that, by accident and because of lack of brakes or other safety appliance to hold it stationary, went down the track. If,

upon the other hand, the theory of this paragraph be, as appellee insists, that the negligence charged is that, in the regular operation of the car in question upon the track between the disc-mill and the rolling-mill, it was the custom to give a signal of warning before sending the car down the incline track, so that the employes in the other department might keep out of its path, and that on account of the failure to give such signal of warning appellee was injured by a car so permitted by appellant to move down its track—then we cannot see how the failure to equip such car with a brake or other safety appliance, so that it might be made stationary on said track, could have anything to do with the injury.

It will be observed that there is no allegation in the complaint that any one accompanied or operated the car, or that there was any loss of control of the car because of the absence of brakes or other safety appliances; but the only negligence charged in this respect was the absence of these equipments, so that the car could not be made stationary on the track. Under the allegations of this second paragraph of the complaint, it seems clear that the pleader charges these two separate, independent acts of negligence, which, as the pleading itself shows, have no relation to or connection with each other, but are repugnant to each other. This paragraph does not proceed upon the theory that appellee's injury resulted from these combined acts of negligence, and appellee makes no claim that such is the theory of the pleading. Nor can it be determined, from the pleading, which of the negligent acts complained of, if either, was the proximate cause of appellee's injury, or what the leading, controlling theory of this paragraph is. These different theories, though inconsistent with each other, might, with perfect propriety, be pleaded in separate paragraphs; but pleaded in the same paragraph, in the manner in which they are pleaded in this second paragraph of complaint, their effect is to destroy each

other, and to render the paragraph so vague, uncertain and inconsistent as to make it insufficient to state a cause of action, and, under the authorities, is subject to demurrer. *State, ex rel.,* v. *Foulkes* (1884), 94 Ind. 493; *Second Nat. Bank* v. *Hart* (1893), 8 Ind. App. 19; *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379; *City of Logansport* v. *Kihm* (1902), 159 Ind. 68; *City of Connersville* v. *Connersville Hydraulic Co.* (1882), 86 Ind. 235, 236; *Speeder Cycle Co.* v. *Teeter* (1897), 18 Ind. App. 474; *Lemmon* v. *Reed* (1896), 14 Ind. App. 655, 657; *South Chicago City R. Co.* v. *Moltrum* (1901), 26 Ind. App. 550.

The second paragraph, if predicated upon either of said theories alone, is insufficient, because upon the theory that said car was not equipped with brake or other safety device, it is insufficient on account of the omission of said allegation that appellee did not know of said defective equipment, and if predicated upon the theory that appellant negligently failed to give the customary signal of warning, the paragraph is insufficient, for the reasons hereinafter set out in the discussion of the first paragraph.

As to the first paragraph of this complaint, there is better reason for the contention of counsel for appellee that it proceeds wholly upon the theory of the failure to give the customary signal of the approach of the car; yet if it be conceded that this paragraph of complaint proceeds upon that theory, we are of the opinion that it is insufficient. "To render the appellant liable it was necessary to show, in the complaint, by the averment of issuable facts, a wrong on the part of the appellant and damage to the appellee, and that the wrong was the proximate cause of the damage." *Corporation of Bluffton* v. *Mathews* (1883), 92 Ind. 213. See, also, *City of Logansport* v. *Kihm* (1902), 159 Ind. 68, 71.

"It is not enough, in such a case as this, to charge the defendant with negligent acts, whether of commission or omission; but it must also be shown, with reasonable cer-

tainty, that such acts were the direct or proximate cause of the accident or injury." *Pittsburgh, etc., R. Co.* v. *Conn* (1885), 104 Ind. 64, 68. See, also, *City of Logansport* v. *Kihm, supra; Enochs* v. *Pittsburgh, etc., R. Co.* (1896), 145 Ind. 635.

In this case, if the theory of the complaint be the failure of appellant to give a signal of warning, which it had been its custom to give, and that appellee's injury resulted 6. on account thereof, then the complaint must allege facts from which the custom of giving warning and the resulting duty on the part of appellant to give such warning are necessarily inferred, and also the breach of this duty of appellant, by its failure to give such warning, and that such breach of duty was the proximate cause of appellee's injury. Whether the paragraph of complaint in question charges facts sufficient to necessitate the inference that it was appellant's duty to give the notice of warning, is open to serious doubt; but, in any event, the allegations of the complaint fall short of showing that the failure to give the notice of warning was the proximate cause of the injury. There is no averment that appellee's injury was caused by such omission. This averment, or its equivalent, was necessary. *Fort Wayne Gas Co.* v. *Nieman* (1904), 33 Ind. App. 178; *City of Logansport* v. *Kihm, supra.*

The allegation in this paragraph that "defendant negligently and carelessly permitted one of its cars to run down from the disc-mill, on the track used as aforesaid, at a high rate of speed, and without giving any warning whatever, and said car ran over * * * plaintiff," is the only allegation showing a causal connection between the acts of appellant complained of and appellee's injury. This allegation shows a causal connection between the running of the car down the incline track and appellee's injury, but not between the failure to warn and the injury. In order that appellee could be injured in the manner alleged, two things were necessary, viz., the movement of the car on the track

in question, and appellee's presence on or so near the track that the car in its movement could strike or run over him. The fact that the customary warning was neglected, could in noway affect the car's running down the track, and therefore the failure to observe said custom could have no causal relation to the injury in so far as the movement of the car was concerned; but the failure to give the warning might

7. have to do with and be responsible for appellee's being so near the track that in the movement of the car down the track it would strike him, and in this sense only could there be a causative relation between the failure to give the warning and the injury alleged to have been received by appellee. But there is a total absence in the complaint of any allegation that, on account of the failure of appellant to give the customary warning, appellee went upon the track, or that, on account of this neglect, he was thereby induced to place himself in such a position of danger, and nothing to show the causal connection between the failure to give the warning signal and appellee's injury. The failure to give the customary warning could be in nowise connected with appellee's injury in a causal way, except by its influence on his conduct in inducing him to put himself in the way of the moving car, and there is a complete absence in the complaint of any allegation showing any such causative connection.

The considerations convince us that the court below erred in overruling the demurrer to each paragraph of the complaint.

No objection has been made to either paragraph of the complaint upon the ground that such paragraph fails to allege facts sufficient to show that appellee, when in-

8. jured, was in the discharge of any duty for appellant that required him to be so near the track that a moving car might run against him.

To avoid any future question upon this phase of the case, we think it proper to suggest that facts should be alleged in

each paragraph of the complaint that will disclose the neces-
sity, in the discharge of the work required of him by appel-
lant when injured, of appellee's being so near the track that
the car moving thereon would strike him, as alleged.

Judgment reversed, with instructions to the court below
to sustain the demurrer to each paragraph of the complaint,
with leave to appellee to amend, and for further proceedings
not inconsistent with this opinion.